**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ELIAS SANCHEZ SIFONTE and VALERIE RODRIGUEZ ERAZO,

Plaintiffs,

Case No.:

vs.

JOSUE FONSECA, a/k/a JAY FONSECA; TELEMUNDO INTERNATIONAL STUDIOS LLC; TELEMUNDO INTERNACIONAL LLC a/k/a TELEMUNDO DE PUERTO RICO, LLC; JAGUAL MEDIA, LLC; NBCUNIVERSAL MEDIA, LLC; TELEMUNDO NETWORK GROUP, LLC; TM TELEVISION, INC.; TM ENTERTAINMENT, INC., and DOES 1-10,

Defendants.
_______________________________________/

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants[1] Josue Fonseca, Telemundo International Studios LLC, Jagual Media, LLC, NBCUniversal Media, LLC, Telemundo Network Group, LLC, Telemundo Internacional LLC, TM Television, Inc., and TM Entertainment, Inc. submit this Notice of Removal of the state court action described below to this Court and in support thereof state as follows:

[1] Defendant Telemundo of Puerto Rico LLC has not been properly served with the Summons and Complaint in this action and thus is not required to consent to removal. *See* 28 U.S.C. § 1441(b); *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011). Nevertheless, Telemundo of Puerto Rico LLC hereby consents to removal of this action, without waiver of any of the rights or remedies to which it is entitled, including but not limited to its right to challenge insufficient service of process.

**Background**

1. Plaintiffs Elias Sanchez Sifonte and Valerie Rodriguez Erazo ("Plaintiffs") instituted this action in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida on December 31, 2020, as Case No. 2020-027995-CA-01, against Defendants Josue Fonseca, Telemundo International Studios LLC, Telemundo Internacional LLC a/k/a Telemundo de Puerto Rico LLC,[2] Jagual Media LLC, NBCUniversal Media, LLC, Telemundo Network Group LLC, TM Television, Inc., and TM Entertainment, Inc. (collectively, "Defendants").[3]

2. Defendants Josue Fonseca and Jagual Media LLC were served with the Summons and Complaint on January 12, 2021.

3. Defendants Telemundo International Studios LLC, NBCUniversal Media, LLC, and Telemundo Network Group LLC, were served with the Summons and Complaint on January 19, 2021.

4. Defendants TM Television, Inc. and TM Entertainment, Inc. were served with the Summons and Complaint on January 21, 2021.

5. Defendant Telemundo Internacional LLC was served with the Summons and Complaint on February 4, 2021.

[2] Plaintiffs refer to Defendant Telemundo of Puerto Rico LLC by the incorrect name "Telemundo de Puerto Rico, LLC." They also mistakenly refer to Telemundo of Puerto Rico LLC as an alternative name for "Telemundo Internacional, LLC." The correct entity name is Telemundo of Puerto Rico LLC. Telemundo of Puerto Rico LLC is not an alternate name for Telemundo Internacional LLC, which is a separate entity.

[3] The Complaint also refers to ten unnamed "Doe" Defendants. (Complaint ¶ 11.) Where, as here, removal is based on diversity jurisdiction under 28 U.S.C. § 1332, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b); *see also Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (diversity is determined "at the time of removal"). Consent for removal is not required for any fictitious individuals. *See* 28 U.S.C. § 1446(b)(2)(A); *Laposa v. Walmart Stores E. LP*, No. 2:20-CV-182FTM29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020).

6. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

7. No further proceedings have occurred in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as of the date of filing this removal.

8. All state court papers served on Defendants or filed in this action at the time of removal are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a). *See* **Exhibit A**.

9. This court has jurisdiction over this matter under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**Diversity of Citizenship**

6. 28 U.S.C. § 1441(a) provides, in relevant part, that any action over which this Court has original jurisdiction may be removed by the defendant to the appropriate district court of the United States. 28 U.S.C. § 1332(a)(1) states that district courts shall have original jurisdiction where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Here, Plaintiffs allege that they are citizens of the State of Florida. (Complaint ¶¶ 25-26).

8. The nine named Defendants in this case each fall, for citizenship purposes, into one of three categories: (a) natural-person defendants; (b) incorporated defendants; and (c) limited liability company defendants.

9. Defendant Fonseca is the sole natural-person defendant in this case. As set forth in the attached Declaration of Josue Fonseca ("Fonseca Decl."), Fonseca is domiciled in and a citizen of Puerto Rico. Fonseca Decl. ¶ 3, attached hereto as **Exhibit B**. As such, he is diverse

from Plaintiffs. *See Postell v. Ryder Truck Rental, Inc.*, 512 F. App'x 977, 980 (11th Cir. 2013) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("for natural persons, a complaint must allege the parties' citizenship, which is their domicile.").

10. For purposes of assessing diversity jurisdiction, a corporation is a citizen of the state where it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c). The Complaint accurately alleges that the two incorporated Defendants in this case—TM Television, Inc. and TM Entertainment, Inc.—are Puerto Rico corporations whose principal places of business are in Puerto Rico. (Complaint ¶¶ 9-10). As such, TM Television, Inc. and TM Entertainment, Inc. are diverse from Plaintiffs.

11. Defendants Telemundo International Studios LLC, Telemundo Internacional LLC, Telemundo of Puerto Rico LLC, NBCUniversal Media, LLC, Telemundo Network Group LLC, and Jagual Media LLC are limited liability companies, and their citizenships are determined by the citizenships of each of their members. *Silver Crown Invs., LLC v. Team Real Estate Mgmt., LLC*, 349 F. Supp. 3d 1316, 1324 (S.D. Fla. 2018) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). That is, for purposes of diversity jurisdiction, a limited liability company's state of formation and principal place of business are irrelevant. *See Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303-04 (S.D. Fla. 2016) (explaining that allegations concerning the state of formation and principal place of business are inadequate to determine diversity jurisdiction where party is a limited liability company). If a partner or member of an unincorporated association (such as a limited liability company) is itself an unincorporated association, "the citizenship of unincorporated associations must be traced through however many layers of partners or members

there may be." *Orchid Quay, LLC*, 178 F. Supp. 3d at 1304 (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

12. Defendants Telemundo International Studios LLC, Telemundo Internacional LLC, Telemundo of Puerto Rico LLC, NBCUniversal Media, LLC, Telemundo Network Group LLC, and Jagual Media LLC are, and were at the time of the institution of this civil action, limited liability companies.

13. As set forth in attached Declaration of Gabriela Kornzweig ("Kornzweig Decl."), for purposes of diversity jurisdiction, all of the NBCUniversal and Telemundo entities are citizens of Delaware and Pennsylvania:

a. Defendant Telemundo International Studios LLC is a citizen of Delaware and Pennsylvania because those are the only states where the corporations in its chain of membership are incorporated or have their principal places of business. Kornzweig Decl. ¶¶ 17-18, 21-26, attached hereto as **Exhibit C**.

b. Defendant Telemundo of Puerto Rico LLC is a citizen of Delaware and Pennsylvania because those are the only states where the corporations in its chain of membership are incorporated or have their principal places of business. Kornzweig Decl. ¶¶ 27-47.

c. Defendant NBCUniversal Media, LLC is a citizen of Delaware and Pennsylvania because those are the only states where the corporations in its chain of membership are incorporated or have their principal places of business. Kornzweig Decl. ¶¶ 3-16.

d. Defendant Telemundo Network Group LLC is a citizen of Delaware and Pennsylvania because those are the only states where the corporations in its

chain of membership are incorporated or have their principal places of business. Kornzweig Decl. ¶¶ 21-26.

e. Defendant Telemundo Internacional LLC is a citizen of Delaware and Pennsylvania because those are the only states where the corporations in its chain of membership are incorporated or have their principal places of business. Kornzweig Decl. ¶¶ 19-26.

14. As set forth in the Fonseca Declaration, Defendant Jagual Media LLC is a citizen of Puerto Rico because Puerto Rico is the only commonwealth where its members are domiciled, or where the corporations in its chain of membership are incorporated or have their principal places of business. Fonseca Decl. ¶ 7.

15. Thus, diversity of citizenship exists between the Plaintiffs and all nine Defendants. *See Drew v. Safeco Ins. Co. of Ill.*, 578 F. App'x 954, 956-57 (11th Cir. 2014) (court had diversity jurisdiction where plaintiffs were citizens of Florida and defendant was citizen of Illinois and Massachusetts).

**Amount in Controversy**

10. Plaintiffs' Complaint seeks $5 million in compensatory damages and $30 million in consequential damages. (Complaint at pp. 115–120). Because the sum of requested damages in a complaint constitutes the amount in controversy for jurisdiction purposes under 28 U.S.C. § 1446(c)(2), the amount in controversy requirement of 28 U.S.C. § 1332 ("where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs") is satisfied.

**Removal is Proper**

12. As set forth above, this action is one over which this Court has jurisdiction, pursuant to 28 U.S.C. § 1332, based on diversity of citizenship and amount in controversy, and this action may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446.

13. This case is being removed to the United States District Court for the Southern District of Florida because this district encompasses the state court from which this case is removed: the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* 28 U.S.C. § 89(c).

**Notice**

14. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, through their attorneys, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached as **Exhibit D**. A duplicate copy of this Notice of Removal will be filed with the Clerk of the Miami-Dade County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

15. By filing this Notice of Removal, Defendants do not waive any defenses, rights, or objections; nor does any Defendant concede that the allegations in the Complaint state a valid claim under applicable law.

WHEREFORE, Defendants remove the above-captioned case to the United States District Court for the Southern District of Florida.

Respectfully Submitted,

SHULLMAN FUGATE PLLC

**Deanna K. Shullman**
Deanna K. Shullman (Florida Bar No. 514462)
dshullman@shullmanfugate.com
Rachel E. Fugate (Florida Bar No. 144029)
rfugate@shullmanfugate.com

Giselle M. Girones (Florida Bar No. 124373)
ggirones@shullmanfugate.com
Minch Minchin (Florida Bar No. 1015950)
mminchin@shullmanfugate.com
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 429-3619

Lynn D. Carrillo (Florida Bar No. 364990)
Lynn.carrillo@nbcuni.com
NBCUniversal News Group
NBCUniversal/Telemundo Enterprises
One Telemundo Way
Miami, FL 33182
Tel: (786) 585-7142

*Attorneys for Defendants*
*Josue Fonseca, Telemundo of Puerto Rico LLC, Telemundo International Studios LLC, Telemundo Internacional LLC, NBCUniversal Media, LLC, Telemundo Network Group LLC, Jagual Media LLC, TM Television, Inc., and TM Entertainment, Inc.*