**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ELIAS SÁNCHEZ-SIFONTE, et al., | |
| **Plaintiffs,** | |
| v. | **Civil No. 22-1444 (RAM)** |
| JOSUE FONSECA, et al., | |
| **Defendants.** | |

<u>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**</u>

**WHEREAS**, Plaintiffs Elias Sanchez Sifonte and Valerie Rodriguez Erazo and Defendants Josue Fonseca, Jagual Media LLC, Telemundo of Puerto Rico LLC, NBCUniversal Media Group, LLC, Telemundo Network Group LLC, TM Television, Inc., and Antonio Mojena (hereinafter referred to as "party" or "the parties"), through their respective counsel, have agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Federal Rule of Civil Procedure 26(c), it is hereby

**ORDERED** that the following restrictions and procedures shall govern these proceedings:

1. **Scope.** This Order shall govern certain information produced or disclosed by any party, including its counsel, retained experts, directors, officers, employees or agents who produce any

Exhibit A

Discovery Material during this action. "Discovery Material" includes but is not limited to, documents, electronically stored information, information, and things produced, answers to interrogatories, responses to requests for production and deposition and other testimony disclosed through discovery in this case.

2. **Confidential Material.** Any party or non-party producing or exchanging Discovery Material may designate all or any portion of it as "Confidential" or "Confidential: Attorney's Eyes Only," indicating that such Discovery Material is commercially sensitive or otherwise confidential. "Confidential" information is information that is non-public in nature, the disclosure of which would be reasonably expected to subject a party, person or entity to disclosure of trade secrets, other confidential business information, or personal financial or medical information. In the case of a "Confidential: Attorney's Eyes Only" designation, the designating party additionally has reason to believe disclosure of the Discovery Material should be limited to counsel for the receiving party because the material includes or constitutes highly sensitive business, financial, or proprietary information of the designating party which, if disclosed to the requesting party, would result in serious injury or harm to the designating party and disclosure of such information if designated only as "Confidential" is inadequate to protect against the risk of such

serious injury or harm. Any non-party witnesses who are called upon to produce their own confidential or proprietary information may opt-in to the protections of this Order with respect to such information by advising all counsel in this action in writing.

    3.  **Designation of Confidential Material.**

    a)  <u>Documents and Things</u>: The designation of documents as confidential shall be made by stamping or affixing "Confidential" or "Confidential: Attorney's Eyes Only" onto each page of the document. Where Discovery Material is produced on electronic media, such as a CD, USB storage device or hard drive, the marking of the electronic media as "Confidential" or "Confidential: Attorney's Eyes Only" shall be deemed sufficient to protect the information so designated. Failure to designate Discovery Material when it is initially produced shall not constitute a waiver of the right to later designate it or the information therein, but the receiving party's disclosure of the Discovery Material or its contents during such intervening time period shall not constitute a violation of this Order.

    b)  <u>Deposition Testimony</u>: If a question or answer at a deposition contains confidential information, counsel for a party with an interest in protecting such confidential information may designate orally (on the record at the deposition) that the information provided in such question or answer is "Confidential" or "Confidential: Attorney's Eyes Only." Notwithstanding, the

parties shall also be permitted to designate deposition transcripts, in whole or in part, "Confidential" or "Confidential: Attorney's Eyes Only" to the extent permitted by the Order. Counsel shall have 20 days after its receipt of any deposition transcript to designate other information provided in a question or answer as "Confidential" or "Confidential: Attorney's Eyes Only" and shall designate such confidential information by providing the opposing party and court reporter with page and line numbers of any lines to be designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as "Confidential" or "Confidential: Attorney's Eyes Only" (either at or following the deposition) with the appropriate legend. Any party who orders a deposition transcript shall promptly notify counsel for all other parties of such order so that all parties are afforded an opportunity to designate deposition transcripts Confidential" or "Confidential: Attorney's Eyes Only" in accordance with this Paragraph. Until such designations are made, neither the transcript nor the contents or substance of the deposition or other testimony may be disclosed by the non-designating party to any person other than those identified in Paragraph 6 herein. Whenever "Confidential: Attorney's Eyes Only" material is to be discussed or disclosed in a deposition or other hearing or proceeding, any party or other person who has produced or will produce such

material may require the exclusion from the room of any individual who is not entitled to access to such material under this Order.

4. **Right to Challenge Confidentiality.** Any party may challenge another party's designation that confidential material should be entitled to protection under this Order. If a receiving party disagrees with the designation of the Discovery Material as being "Confidential" or "Confidential: Attorney's Eyes Only," the receiving party may give notice in writing of the Discovery Material to the producing party specifying the confidential information at issue. If the parties are unable to resolve the disputed issues, the challenging party may invoke the discovery procedures of the Court to seek a determination as to whether the material should be accorded protection under the terms of this Order. Pending determination by the Court and, if appealed, the appellate court, as to whether the confidential material has been properly designated, the confidential material being challenged shall be treated in all respects as protected under the terms of this Order, including but not limited to the requirement of filing under seal as described in Paragraph 9 below, if necessary.

5. **Access to Confidential Materials.** Discovery Material designated "Confidential" shall be used solely for purposes of this litigation and shall not be disclosed to any person except:

a)    the parties, the corporate officers and employees of the parties who have responsibility for managing or working

on the case, or who have responsibility for making decisions about possible settlement of the case;

b) counsel for the parties, including outside and in-house counsel, and their necessary support personnel;

c) a testifying witness or deponent;

d) experts, mock jurors, and consultants retained by a party in connection with this litigation who execute the Acknowledgment attached as **Exhibit A;**

e) interpreters or translators required by counsel for purposes of the case;

f) court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in this legal action;

g) any mediator, during preparation for or while presiding over a mediation conference;

h) the Court and court personnel (only pursuant to Paragraph 9 below); and

i) other persons as ordered by the Court or agreed to in writing or on the record by the parties.

6. **Access to Confidential: Attorney's Eyes Only Materials.** Materials designated "Confidential: Attorney's Eyes Only" must be retained by counsel for the receiving party and must not be furnished, shown or disclosed by such counsel to any other person,

except that, and solely for purposes of this action, any information so designated may be disclosed by counsel to:

a)   the Court and its personnel (only pursuant to Paragraph 9 below);

b)   counsel for the parties, including outside and in-house counsel, and their necessary support personnel;

c)   a testifying witness or deponent shown, or reasonably believed to have, independent knowledge of the material;

d)   interpreters or translators required by counsel for purposes of the case;

e)   court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in this legal action;

f)   any mediator, during preparation for or while presiding over a mediation conference;

g)   experts, mock jurors, and consultants retained by a party in connection with this litigation who execute the Acknowledgment attached as **Exhibit A.**

Nothing in this Order shall preclude or impede counsel for the parties' ability to communicate with or advise the parties based upon counsel's review and evaluation of Discovery Material designated "Confidential: Attorney's Eyes Only." Outside counsel may discuss with the employees and officers of such parties who have responsibility for managing the lawsuit, or those persons who

have responsibility for making decisions about possible settlement of the lawsuit, the general nature of the Discovery Material so designated, without disclosing the specifics of any such information, to the extent such disclosure is necessary for effectively advising such parties.

7.    **Non-Waiver.** The parties' consent to this Order shall not, alone, be deemed to have waived any privilege or right they may assert in connection with responses to discovery requests. This Order shall not impact, affect, expand, or limit the parties' ability to assert or maintain that any applicable privilege prevents disclosure of information in response to a discovery request.

8.    **Use of Confidential Material.** The Parties may use Discovery Material designated as "Confidential" or "Confidential: Attorney's Eyes Only" only for the limited purpose of preparing for and conducting this litigation (including appeals) and not for any other purpose whatsoever, and shall not give, or otherwise disclose such "Confidential" or "Confidential: Attorney's Eyes Only" Discovery Material to anyone except as provided herein. This Order shall not apply to any document, testimony, thing or other information (whether designated "Confidential" or "Confidential: Attorney's Eyes Only," or otherwise) which is:   (i) already properly in an opposing party's possession; (ii) is generally available to the public or becomes generally available to the

public other than as a result of disclosure in violation of this
Order; or (iii) becomes available to an opposing party other than
through formal discovery in this action. Nothing in this Order
shall restrict the use or disclosure by a party of information
that it alone has designated "Confidential" or "Confidential:
Attorney's Eyes Only."

9.    **Filing Confidential Material.**  No Discovery Material
designated as "Confidential" or "Confidential: Attorney's Eyes
Only" shall be filed with the Court unless there is an agreement
of the parties or an order of the Court. Documents and things may
be filed under seal with the Clerk of this Court pursuant to
District of Puerto's Standing Order 9 and other applicable law. If
the party's motion to restrict is denied, the Discovery Material
may be filed in accordance with the Court's order

10.   **No Public Disclosure.**  Except as permitted by this Order,
no person will make a public disclosure of any Discovery Material
designated as "Confidential" or "Confidential: Attorney's Eyes
Only" without an order of the Court or as stipulated by the
parties. If any person subject to this Order is served with a
subpoena, demand, or other legal process in another action seeking
Discovery Material so designated, that person shall give prompt
written notice to counsel for the producing party, and shall object
to its production. Upon receipt of written notice, counsel for the
producing party shall inform the person who is to respond to the

subpoena in writing of the producing party's position with respect to confidentiality. Thereafter, the producing party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the Discovery Material.

11. **Conclusion of the Legal Action.** All Discovery Material designated as Confidential or Confidential: Attorney's Eyes Only produced or exchanged under this Order and all copies thereof shall be destroyed within sixty (60) days following the dismissal, judgment or award, or other conclusion of this action, including all appeals. The receiving party must provide the producing party with a certification attesting to having done so, except that counsel may retain archival copies of such materials. Any such archival copies remain subject to this Order.

12. **Modification or Termination.** Any specific part or parts of the restrictions of this Order may be modified, amended or terminated by a written stipulation signed by counsel for all the parties.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this ___ day of _____ 2025.

_____
HON. RAÚL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE

**Exhibit "A"**

**<u>ACKNOWLEDGMENT</u>**

I, _____, state that:

I have received a copy of the Confidentiality Order in this lawsuit and I have read and understand its provisions, a copy of which is appended hereto.

I agree to be bound by, and will comply with, all provisions of the Confidentiality Order and subject myself to the jurisdiction of the Court for all purposes related to the Order.

I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Order, and will use only for purposes of this lawsuit, any information designated as "Confidential" or "Confidential: Attorney's Eyes Only" that is disclosed to me.

_____
(Signature)

_____
(Date)