UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SÁNCHEZ-SIFONTE, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>FONSECA, ET AL.,<br>Defendants, | Civil No. 22-1444 (RAM) |

## **DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 37, Defendants Telemundo of Puerto Rico LLC ("TPR"), Telemundo Network Group LLC ("TNG"), and NBCUniversal Media, LLC ("NBC") (together, "Defendants"), hereby move the Court to compel Plaintiffs Elias Sánchez Sifonte ("Sánchez") and Valerie Rodríguez Erazo ("Rodríguez") (together, "Plaintiffs") to provide proper responses and documents to Defendants' requests for production and interrogatories. Defendants further request that the Court order Plaintiffs to pay all expenses Defendants have incurred in bringing this motion, including attorneys' fees. In support of this motion, Defendants state as follows:

### **BACKGROUND**

1.      On February 19, 2025, TNG propounded its First Set of Interrogatories to Sánchez and its First Set of Interrogatories to Rodríguez.

2.      That same day, NBC propounded its First Set of Interrogatories to Sánchez and its First Set of Interrogatories to Rodríguez.

3.      Plaintiffs' responses to the TNG and NBC Interrogatories were initially due on March 21, 2025.

4.      On February 26, 2025, TPR propounded its First Set of Interrogatories to Sánchez

and its First Set of Interrogatories to Rodríguez.

5.     That same day, Defendants jointly propounded their First Set of Requests for Production to Sánchez and their First Set of Requests for Production to Rodríguez.

6.     Plaintiffs' responses to the TPR Interrogatories and Defendants' Requests for Production were initially due on March 28, 2025.

7.     On March 21, 2025, Plaintiffs' counsel requested an extension up until April 11, 2025, to respond to all eight sets of discovery requests, to which Defendants agreed.

8.     On April 11, 2025, Plaintiffs served their respective responses and produced a limited set of documents.[1]

9.     Plaintiffs' responses are severely deficient in several respects. The responses are riddled with generic, boilerplate objections; they fail to disclose whether the responses are limited based on those objections or whether responsive materials are being withheld for the same reasons; they refer to unresponsive documents; and they hide behind a purported continuation of Plaintiffs' search for documents with no indication of when such documents would be produced.

10.     Plaintiffs' document productions are similarly deficient, mainly consisting of a few social media screenshots and incomplete tax records.

---

[1] Defendants' discovery requests and Plaintiffs' respective responses are attached here as follows:
- **Composite Exhibit 1** –TNG's First Set of Interrogatories and Sánchez's Responses
- **Composite Exhibit 2** –TNG's First Set of Interrogatories and Rodríguez's responses
- **Composite Exhibit 3** –NBC's First Set of Interrogatories and Sánchez's Responses
- **Composite Exhibit 4** –NBC's First Set of Interrogatories and Rodríguez's Responses
- **Composite Exhibit 5** –TPR's First Set of Interrogatories and Sánchez's Responses
- **Composite Exhibit 6** –TPR's First Set of Interrogatories Rodríguez's Responses
- **Composite Exhibit 7** –Defendants' First Set of Requests for Production Sánchez's Responses
- **Composite Exhibit 8** –Defendants' First Set of Requests for Production and Rodríguez's Responses

11.    On April 23, 2025, Defendants' counsel sent Plaintiffs' counsel a letter setting forth these numerous deficiencies and requesting that they be cured by May 7, 2025. *See* April 23, 2025 Deficiency Letter, attached hereto as **Exhibit 9**.

12.    Plaintiffs' counsel did not respond to the letter, and he did not attempt to cure any of the deficiencies detailed therein.

13.    On May 12, 2025, Defendants' counsel followed up via email and asked when Plaintiffs would be supplementing their responses. *See* Conferral Emails at p. 7–8, attached hereto as **Composite Exhibit 10**.

14.    In response, the office of Plaintiffs' counsel stated that he was preparing for trial and would provide a response by the end of the following week. *Id* at 6.

15.    That week came and went, and Plaintiffs' counsel failed to provide any supplemental responses or materials.

16.    On May 27, 2025, Defendants' counsel once again followed up via email and asked when Plaintiffs would be providing supplemental responses and documents. *Id*. at 5.

17.    The office of Plaintiffs' counsel stated that he was still in trial through May 28, 2025, and would be providing supplemental responses as soon as trial concluded. *Id*. at 4.

18.    That week came and went, and Plaintiffs' counsel, again, failed to provide any supplemental responses or materials.

19.    On June 2, 2025, Defendants' counsel sent another follow-up email detailing the continued deficiencies and requesting a call with Plaintiffs' counsel. *Id*. at 2–3.

20.    Plaintiffs' counsel once again failed to respond.

21.    On June 3, 2025, Defendants' counsel sent another email asking Plaintiffs' counsel to confirm his availability for a call or to provide an alternative time to meet and confer. *Id*. at 2.

22.    The office of Plaintiffs' counsel stated that he had been "called to trial" but would check his availability the following day. *Id*. at 1.

23.    As of the date of this filing, Plaintiffs' counsel has not addressed any of the numerous deficiencies in Plaintiffs' discovery responses nor has he provided his availability for a meet and confer.

24.    Defendants' numerous efforts to resolve or at least narrow the issues have been largely ignored.

25.    It has now been more than three months since Defendants propounded their discovery requests and Plaintiffs have yet to provide responses that are even minimally compliant with the Federal Rules of Civil Procedure. Because of the severity of these deficiencies, Defendants are unable at this stage to address the actual substance of Plaintiffs' objections.

26.    Accordingly, Defendants request that this Court overrule Plaintiffs' deficient objections and compel better responses and the immediate production of responsive materials.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides for an expansive scope of discoverable information, allowing parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party may move to compel discovery where the opposing party fails to produce documents or respond to a discovery request. Fed. R. Civ. P. 37(a)(3)(B). "The party seeking discovery must make a showing, as meager as that may be, of relevance." *Philips Med. Sys. Puerto Rico, Inc. v. Alpha Biomedical & Diagnostic Corp.*, No. CV 19-1488 (BJM), 2021 WL 150411, at *4 (D.P.R. Jan. 15, 2021) (internal quotations omitted). "Once this burden is met, the party resisting production bears the burden to show that discovery is improper." *Id*.

4

Objections to document requests must be specific and include reasons for the objection, along with a statement indicating whether any responsive materials are being withheld on the basis of an objection. Fed. R. Civ. P. 34(b)(2)(C). The same is true for interrogatories. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). "Boilerplate, generalized objections to an opponent's discovery requests are inadequate." *Romero-Acosta v. Bottles, Kindred Spirits, Inc.*, No. CV 23-1163 (JAG/BJM), 2024 WL 4425869, at *2 (D.P.R. Oct. 4, 2024). Moreover, "an evasive or incomplete answer constitutes a failure to answer." *Id*. (internal quotations omitted).

If a motion to compel is granted, or if the disclosure of the requested discovery is provided after a motion to compel is filed, the Court must require the party against which the motion was filed to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A).

## ARGUMENT

### I.    Plaintiffs' Boilerplate Objections Should be Overruled.

In response to dozens of requests,[2] Plaintiffs provide an objection substantially similar to the following: "Plaintiff objects to this production of documents on the grounds that it is overbroad, oppressive, privileged, unduly burdensome, and calls for speculation." Plaintiffs fail to explain

---

[2] Plaintiffs specifically raised generalized objections in response to the following requests:
- Defendants' Requests to Sánchez Nos. 6, 9–12, 16, 20–28, 31–33, 35–41, 45–49, 55–56, 58–63, 65–66, and 91.
- Defendants' Requests to Rodríguez Nos. 6, 8, 9–11, 20, 23, 24, 26, 30, 34–37, 39, 43, 46–51, 53–54, 62–63, and 81.
- TPR Interrogatories to Sánchez Nos. 8, 11–14, 17, and 22.
- TPR Interrogatories to Rodríguez Nos. 8, 9, 11, 13-14, 17 and 21-22.

*how* such requests are overbroad, oppressive, privileged,[3] unduly burdensome, or call for speculation. While these objections may, in some circumstances, be warranted, the law is quite clear that regurgitation of buzz words is not sufficient to sustain the objecting party's burden. *See e.g.*, *Romero-Acosta*, 2024 WL 4425869, at *2; *Rodríguez-Ruiz v. Microsoft Operations Puerto Rico, L.L.C.*, No. CV 18-1806 (PG), 2020 WL 1675708, at *4 (D.P.R. Mar. 5, 2020) ("boilerplate and generalized objections . . . are not enough to carry the day"); *Philips Med. Sys. Puerto Rico, Inc.*, 2021 WL 150411, at *4 ("The objecting party must show 'specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'").

Defendants' discovery requests are relevant and tailored to this case, seeking only information that is related to the facts alleged in the Second Amended Complaint and the events underlying the Publications and Statements that are at issue in this case. Plaintiffs have not substantiated any of their boilerplate objections and have therefore failed to meet their burden. Not only are Plaintiffs' boilerplate objections procedurally improper, but they also hinder the parties' ability to cooperate and compromise throughout discovery. Without explanations for these objections, Defendants are unable to determine which part of each request Plaintiffs find objectionable and cannot consider whether narrowing or limiting a request would be an appropriate compromise. Objections, such as these, that "rely on boilerplate language and offer no explanation . . . are invalid" and should therefore be overruled. *Id*. at *9.

---

[3] To the extent that Defendants' requests encompass documents that are privileged, Plaintiffs must identify in their responses the specific privilege they are asserting and produce a privilege log describing "the nature of the documents, communications, or tangible things not produced or disclosed." *Autoridad de Carreteras y Transportacion v. Transcore Atl.*, Inc., 319 F.R.D. 422, 430 (D.P.R. 2016). Plaintiffs have supplied no privilege log in this case.

II.    **Plaintiffs Should be Compelled to Provide Complete and Proper Responses.**

In addition to asserting improper boilerplate objections, several of Plaintiffs' responses are evasive, incomplete, or simply nonresponsive. The responses make it impossible for Defendants to understand if or how Plaintiffs are interpreting or limiting Defendants' requests and instructions and whether responsive materials exist that are being withheld based on a limited reading of the requests.

A.    <u>References to Unresponsive Materials</u>

Several of Plaintiffs' responses invite a game of hide-and-seek by referring to non-responsive documents. For example:

- <u>Defendants' Request No. 4 to Rodríguez</u> seeks documents that support Rodríguez's allegations that NBC published the statements at issue in this case. Rodríguez respond by merely stating "See Rodríguez 000001-000009." However, none of the documents in Rodríguez 000001-000009 relate to or reference NBC. *See* **Ex. 8** at 19.

- <u>Defendants' Request No. 7 to Rodríguez</u> seeks communications between Rodríguez and the defendants in this case. No such communications were included in Rodríguez 000001-000009, or in the rest of Rodríguez's production. *See id*.

- <u>Defendants' Request No. 34 to Sánchez</u> seeks documents related to an investigation by the Office of Government Ethics. In response, Sánchez refers Defendants to Sánchez 000001-000076. Nothing in those 76 pages of documents relates to the specific investigation about which the request asks. *See* **Ex. 7** at 29.

- <u>Defendants' Request No. 73 to Sánchez</u> seeks documents related to the services Sánchez provided to the Retirement System of Employees of the Government of

7

the Commonwealth of Puerto Rico. No responsive documents were included in Sánchez 000001-000076, or in the rest of Sánchez's production. *See id*. at 39.

This tactic is repeated throughout the responses. Specifically, Sánchez responds to Defendants' Requests Nos. 34, 51–53, 57, 70, 72–73, 75–83, and 89 with "See Sánchez 000001-000076." Rodríguez similarly employs this hide-the-ball technique in her responses to Defendants' Requests Nos. 1–4, 7, 12, 14–15, 18–19, 28–29, 44–45, 55, 61, 64–70, 76 and 79. Plaintiffs should be compelled to amend their responses to these requests to avoid this type of gamesmanship by pointing to the documents actually responsive to each request or stating that no such documents exist in Plaintiffs' care, custody, or control.

**B.    <u>Nonresponsive, Evasive, or Incomplete Responses</u>**

Although it is difficult to ascertain the breadth of the incompleteness of Plaintiffs' responses given the gamesmanship employed in responding to them, it is clear from the face of certain responses that they are incomplete.

*i.    Defendants' Requests for Productions*

<u>Defendants' Request No. 6 to Sánchez</u> and <u>Request No. 6 to Rodríguez</u> seek communications regarding several different topics related to the claims and defenses in this case. In addition to asserting the boilerplate objection discussed above, Sánchez and Rodríguez state that they have no communications related to Telegramgate. *See* **Ex. 7** at 22–23; **Ex. 8** at 19. While it is inconceivable that Sánchez, one of the primary participants in the Telegram chat with Governor Ricardo Rosello, and his spouse Rodríguez, have never discussed the leak of the chat or the aftermath of the leak with any other person, Plaintiffs' responses also fail to specify whether they have communications related to Defendants, the Publications, the Statements, and the events

described in the Second Amended Complaint. Plaintiffs should be compelled to amend their responses to specifically address the remaining topics and produce all responsive materials.

Defendants' Request No. 8 to Sánchez seeks communications between Sánchez and Peter Quiñones from April 1, 2019 through July 24, 2019. In response, Sánchez states that there are "no communications between [him] and Peter Quiñones on the dates requested." *See* **Ex. 7** at 22. This response contradicts the Second Amended Complaint, which specifically states the following in Paragraph 127.k.:

> On April 10, 2019, Plaintiffs were warned by Mr. Peter Quiñones that Defendants were preparing to make false claims about a tele-medicine contract alleging that Plaintiffs were lobbying such contract with the Department of Health. Mr. Quiñones sent Plaintiffs video proof of the false claims.

*See* D.E. 130. Sánchez should produce the communications referenced in the Second Amended Complaint and amend his response accordingly.

Defendants' Request No. 9 to Rodríguez seeks communications regarding Mabel Cabeza Rivera's appointment as Chief of Staff for the Puerto Rico Department of Health. In response, Rodríguez objects and states that: "Ms. Cabeza, at all times relevant to the Complaint, was [her] friend, but [Rodríguez] had nothing to do with her appointment as Chief of Staff of the Puerto Rico Department of Health." *See* **Ex. 8** at 20. This response does not specify whether responsive documents exist and whether Rodríguez is withholding such documents based on an objection. Rodríguez's response should be amended.

Defendants' Request No. 21 to Rodríguez seeks communications related to proposed changes to the 2019 zoning map for Puerto Rico. Rodríguez responds that no communications exist because she "was not involved in any way in the proposed changes to the 2019 zoning map for Puerto Rico." *See id.* at 23. This response misconstrues the request. Defendants seek communications about the proposed changes to the 2019 zoning map, not communications about

Rodríguez's involvement with those changes. Moreover, according to records from Puerto Rico's Comptroller's Office, Rodríguez's firm CDO Group, P.S.C. has been a contractor for the Planning Board since at least February 2019. Given her long-term involvement with the Planning Board, Rodríguez likely has had communications about these proposed changes. Those communications should be produced.

Sánchez's responses to <u>Defendants' Requests Nos. 16, 38, 40–41, and 56</u> and Rodríguez's responses to <u>Defendants' Requests Nos. 26, 30, and 62–63</u> suffer from a combination of deficiencies already discussed in this Motion. *See* **Ex. 7** at 24, 30–31, 34; **Ex. 8** at 25, 33–34. Plaintiffs interpose the same generic objections and then reference documents in their respective productions that are either entirely unresponsive or only partially responsive. Defendants are left to wonder whether responsive documents exist that are being withheld. Plaintiffs should be compelled to provide amended responses that state with particularity the bases on which they object, if any, and clarify whether any responsive documents are being withheld based on those objections.

<u>Defendants' Requests Nos. 44 and 49–50 to Sánchez</u> and <u>Defendants' Requests Nos. 33 and 38–39 to Rodríguez</u> seek all income tax filings, Form W-2 and tax statements or other related financial statements, and documents sufficient to identify any additional sources of income not otherwise reported on Plaintiffs' tax returns from 2015 to the present. Similarly, <u>Defendants' Request No. 54 to Sánchez</u> and <u>Defendants' Request No. 42 to Rodríguez</u> seek financial and tax documents for any business owned or operated by Plaintiffs. In their responses, Plaintiffs state that they produced all tax filings from 2015 through 2023. *See* **Ex. 7** at 32–33; **Ex. 8** at 26–28. However, several documents are missing, including Plaintiffs' tax returns for 2023 and 2024, Forms W-2 (or Puerto Rico equivalent) issued by Veritas Consulting LLC to Sánchez for 2016–

2024, Forms W-2 (or Puerto Rico equivalent) issued by FE&C Consulting LLC to Sánchez for 2021–2024, and Form W-2 (or Puerto Rico equivalent) issued by CDO Group, P.S.C. to Rodríguez 2024. These documents are critical for assessing the economic harm Plaintiffs allege they have suffered and should be promptly produced.

Defendants' Request No. 58 to Rodríguez seeks documents related to any termination or cessation of contractual or business relationships since January 1, 2019. In response, Rodríguez states that her client "Tactical Media verbally terminated [their] business relationship in July 2019." *See* **Ex. 8** at 32. It is unclear from this response whether other clients or business partners have terminated their relationships with Rodríguez and whether responsive documents related to those other terminations exist. Rodríguez should amend her response to clarify whether responsive documents exist and, if so, produce such documents.

Defendants' Request No. 61 to Rodríguez seeks documents related to the services provided by Rodríguez to Tactical Media Group from January 1, 2017 to the present. In response, Rodríguez references the documents labeled Rodríguez 0000001-000009, which are not responsive to this request. *See id.* at 33. She also restates that "Tactical Media verbally terminated our business relationship." *Id*. This response does not address all parts of the request. Request No. 61 specifically seeks documents regarding the scope of the services Rodríguez provided, the length of time her services were retained, and the compensation obtained for providing such services. Rodríguez should amend her response to address all parts of this request and produce all responsive nonprivileged documents.

Defendants' Request No. 73 to Rodríguez seeks documents related to Rodríguez's business relationship with WKAQ 580 (AM). In response, Rodríguez states that her appearances on the radio station were voluntary and that she never received compensation for them. *Id*. at 36. This

response fails to state whether there are communications between Rodríguez and WKAQ 580 (AM) regarding her appearances. Rodríguez should amend her response to address all parts of this request and produce all responsive nonprivileged documents.

### ii. Defendants' Interrogatories

Sánchez's responses to TPR Interrogatories 1–6, 8, and 12–21, NBC Interrogatories 1, 2, 4, 9, 13 and 14, and TNG Interrogatories 1, 2, 6, 11, and 14 appear facially incomplete or non-responsive. The same is true for Rodríguez's responses to TPR Interrogatories 1–6, 10, 11, 13, 15–20, NBC Interrogatories 1, 2, 4, 9, and 10, and TNG Interrogatories 1–4, 6, and 8–10. For example:

- TPR Interrogatory No. 13 to Sánchez and TPR Interrogatory No. 13 to Rodríguez ask them to identify any person who has made any statement or remark about the Publications. In response, Plaintiffs interpose their boilerplate objections and then state that they do not know "what publications are being referred to in the interrogatory." See **Ex. 5** at 17; **Ex. 6** at 17. The term Publications is defined in TPR's First Set of Interrogatories as "the publications at issue in this action." In other words, this interrogatory refers to the publications in the Second Amended Complaint that remain at issue in this case. Plaintiffs should have no trouble identifying the Publications in their own pleading.

- TPR Interrogatories Nos. 15 and 16 to Sánchez ask for information related to Sánchez's roles as Chairman of the Transition Team for former Puerto Rico Governor Ricardo Rosselló and ex-officio member of the Financial Oversight and Management Board. In response, Sánchez states that his roles are outlined in the Puerto Rico Government Transition Act and the PROMESA Act. See **Ex. 5** at 18. These responses are evasive and nonresponsive. The interrogatories ask specifically

about Sánchez's role, not the general responsibilities of all who hold the position. Sánchez should amend his responses to explain how he was placed in these roles, the circumstances surrounding his exit from these roles, and any allegations, lawsuits, or investigations related to actions he took while serving in these roles.

- TPR Interrogatories Nos. 17–20 to Sánchez and TPR Interrogatories No. 16–18 to Rodríguez seek information related to their alleged damages. In response, they refer us to Exhibit 3. However, there are no documents included under the Exhibit 3 slip sheet. *See* **Ex. 5** at 76; **Ex. 6** at 31.

- TPR Interrogatory No. 19 to Rodríguez seeks information about Rodríguez's contention that she lost her job and clients because of Defendants' conduct. In response she states that "Tactical Media Group and TPFC LLC verbally expressed their desire to terminate the services provided by [her] firm CDO Group PSC in July 2019 due to Defendants action." *See* **Ex. 6** at 19. But this response does not confirm whether Rodríguez lost any other clients. It also does not include all facts related to the amount of damages that Rodríguez believes stem from the loss of these clients nor the method employed to compute those damages.

- NBC Interrogatory No. 1 and TNG Interrogatory No. 1 to Sánchez and to Rodríguez ask them to identify all Statements about them that they allege were made by NBC and TNG. In response, Plaintiffs state, in part, that "all defamatory statements included in the Complaint that were republished by the websites owned and controlled by TNG are deemed to be made by TNG." *See* **Ex. 1** at 10; **Ex. 2** at 9; **Ex. 3** at 10; **Ex. 4** at 10. This response fails to identify the specific Statements that Plaintiffs claim were made by NBC and TNG.

- <u>NBC Interrogatory No. 13 to Sánchez</u> and <u>NBC Interrogatory No. 9 to Rodríguez</u> asks them to explain their factual basis for alleging that statements about them were published through NBC's internet servers. Their responses refer to terms of service, but do not explain what, if anything, NBC's internet servers had to do with the statements at issue. *See* **Ex. 3** at 14; **Ex. 4** at 13.

Plaintiffs should be compelled to provide complete, non-evasive responses to Defendants' interrogatories.

## CONCLUSION

The deficiencies in Plaintiffs' discovery responses and document productions are extensive. They are so boilerplate, cryptic and insufficient that it's difficult to highlight every failure to the Court. Upon receipt, Defendants promptly and diligently sought over the course of six weeks to achieve even minimal compliance from Plaintiffs with the Federal Rules of Civil Procedure. Despite multiple attempts to confer and narrow the issues, most (if not all) responses came from counsel's paralegal, and invariably kicked the can down the road only to thereafter fail, again, to follow up or better yet – comply. Defendants cannot force Plaintiffs even to engage and brings this motion after frustrating all efforts to resolve this matter. Defendants have been left with no choice but to seek relief from this Court. For the reasons explained herein, Defendants respectfully request that the Court grant this motion to compel and order Plaintiffs to provide amended responses and further responsive documents, and order Plaintiffs to pay all expenses, including attorneys' fees, that Defendants have incurred in bringing this motion.

## <u>LOCAL RULE 26 CERTIFICATION</u>

In addition to the efforts outlined above, counsel for Defendants certify that they have sought to confer with Plaintiffs' counsel in a good faith effort to resolve the issues set forth in this motion on several occasions, including on April 23, 2025, May 12, 2025, May 27, 2025,

June 2, 2025, and June 3, 2025.  As of the date of this filing, Plaintiffs' counsel has not provided

supplemental responses or his availability for a meet and confer.

Dated: June 6, 2025

| CASELLAS ALCOVER & BURGOS PSC | SHULLMAN FUGATE PLLC |
|---|---|
| By: */s/ Ricardo F. Casellas Sánchez* | By: */s/ Deanna K. Shullman* |
| Ricardo F. Casellas Sánchez | Deanna K. Shullman* |
| USDC-PR 203114 | Florida Bar No. 514462 |
| Natalia Morales Echeverria | Yelan Escalona* |
| USDC-PR 226513 | Florida Bar No. 1031564 |
| P.O. Box 364924 | 2101 Vista Parkway, Ste. 4006 |
| San Juan, PR 00936-4924 | West Palm Beach, Florida 33411 |
| Telephone: (787) 756-1400 | Telephone: (561) 429-3619 |
| rcasellas@cabprlaw.com | dshullman@shullmanfugate.com |
| nmorales@cabprlaw.com | yescalona@shullmanfugate.com |
| *Counsel for Defendants Telemundo of Puerto Rico LLC, Telemundo Network Group LLC, and NBCUniversal Media, LLC* | *Pro Hac Vice Counsel for Defendants Telemundo of Puerto Rico LLC, Telemundo Network Group LLC, and NBCUniversal Media, LLC* |