**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ELÍAS SÁNCHEZ-SIFONTE, et al,<br><br>**Plaintiffs,**<br><br>v.<br><br>JOSUE FONSECA, et al,<br><br>**Defendants.** | **Civil No. 22-1444** (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Plaintiffs Elías Sánchez-Sifonte and Valerie Rodríguez-Erazo's (collectively "Plaintiffs") *Second Motion for Extension of Time to Respond to Antonio G. Mojena's Motion for Summary Judgment* (the "*Motion*"). (Docket No. 208). For the reasons outlined below, Plaintiffs' *Motion* is **DENIED.**

## I. BACKGROUND

On November 17, 2025, Plaintiffs filed their pending *Motion*. (Docket No. 208). Therein, Plaintiffs assert that amid drafting their response to Antonio G. Mojena's ("Mojena") *Motion for Summary Judgment* ("*MSJ*") at Docket No. 202, they were made aware of a social media post made by co-defendant Josue Fonseca ("Fonseca") in which he states that he did not decide the content of his show in Telemundo. Id ¶ 4. Plaintiffs assert that this is at odds with Mojena's statement of facts and declaration in support of his MSJ

stating that Fonseca generally proposed, wrote, and researched the content for his shows. Id. ¶ 5. Accordingly, Plaintiffs request that the Court extend the deadline to respond to the *MSJ* for good cause so that additional discovery and depositions can be completed. Mojena filed an *Opposition* on November 11, 2025. (Docket No. 210).

## II. DISCUSSION

Although Plaintiffs style their *Motion* as a request pursuant to Fed. R. Civ. P. 6(b), which allows courts to grant extensions for good cause, the relief they seek falls squarely under the scope of Fed. R. Civ. P. 56(d) ("Rule 56(d)"). This rule "describes a method of buying time for a party who, when confronted by a summary judgment motion, can demonstrate an authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition." Resol. Tr. Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994) (citation omitted).[1] Specifically, Rule 56(d) provides that if a nonmovant to a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

[1] Resol. Tr. Corp. addresses Rule 56(f), which later became Rule 56(d). However, "the textual differences between current Rule 56(d) and former Rule 56(f) are purely stylistic" and thus, "case law developed under former Rule 56(f) remains controlling[.]" In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143 n.2 (1st Cir. 2014) (internal quotation marks and citation omitted).

declarations or to take discovery; or (3) issue any other appropriate order."

The party seeking to benefit from Rule 56(d) must provide the court with a:

> timely statement—if not by affidavit, then in some other authoritative manner—that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion.

Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004); *see also* Resol. Tr. Corp., 22 F.3d at 1203 (explaining that the requests for relief under Rule 56(d) must embody the following five requirements: "authoritativeness, timeliness, good cause, utility, and materiality."); In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143-44 (1st Cir. 2014)(finding that the movant must "show good cause for the failure to have discovered the facts sooner," "set forth a plausible basis for believing that specific facts...probably exist," and "indicate how the emergent facts...will influence the outcome of the pending summary judgment motion.").

While district courts are to construe Rule 56(d) motions generously, "[t]his does not mean...that [Rule 56(d)] has no bite or that its prophylaxis extends to litigants who act

lackadaisically." Resol. Tr. Corp., 22 F.3d at 1203. The use of Rule 56(d) requires meeting the aforementioned benchmarks as well as "due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter. In other words...[it] is designed to minister to the vigilant, not to those who slumber upon perceptible rights." Id. (internal citations omitted).

In the case at bar, Plaintiffs have failed to comply with these requirements. First, Plaintiffs' request did not include an affidavit, sworn statement, or similarly authoritative manner. The statement in support of a Rule 56(d) request "must be made, if not by affidavit, then in some authoritative manner—say, by the party under penalty of perjury or by written representations of counsel subject to the strictures of Fed. R. Civ. P. 11—and filed with the court." Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 4 (1st Cir. 2004) (quoting Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir.1988)). Second, the Court cannot address the promptness of Plaintiffs' request as their *Motion* does not specify the date the social media post at issue was made nor when they discovered said post.[2] *See* id. (holding that

[2] Courts have routinely found that a three-month delay in requesting Rule 56(d) relief after a motion for summary judgment is filed is typically excessive and shows a lack of due diligence. *See*, *e.g.*, Guzman-Ruiz v. Hernandez-Colon, 406 F.3d 31, 35 (1st Cir. 2005); Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 1228 (1st Cir. 2006). Here, less than two months have elapsed since the *MSJ* was filed. The Court does note, however, that Plaintiffs' *Motion* was filed on the last day their response to the *MSJ* due.

the party invoking Rule 56(d) must make its request "promptly upon service of the [other party's] dispositive motion."). Third, although Plaintiffs identify how the social media post conflicts with the *MSJ*, they do not "indicate how the emergent facts...will influence the outcome of the pending summary judgment motion." In re PHC, Inc., 762 F.3d at 143 (quoting Resol. Tr. Corp., 22 F.3d at 1203). Accordingly, the Court is not in a position to grant Plaintiffs' request to toll the response to the *MSJ* to allow additional discovery and depositions.

## III. DISCUSSION

In light of the above, the Court hereby **DENIES** Plaintiffs' *Second Motion for Extension of Time to Respond to Antonio G. Mojena's Motion for Summary Judgment* (the "*Motion*"). (Docket No. 208). Plaintiffs **SHALL** file their response to the *Motion for Summary Judgment* at Docket No. 202 on or before December 9, 2025.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of November 2025.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge