# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ELIAS SÁNCHEZ-SIFONTE, *et al*,

Plaintiffs,

v.

JOSUE FONSECA, *et al*,

Defendants.

CIVIL NO. 22-1444 (RAM) (HRV)

## REPORT AND RECOMMENDATION

Before the Court is Defendants Telemundo of Puerto Rico LLC ("TPR"), Telemundo Network Group, LLC ("TNG"), and NBC Universal Media, LLC ("NBC")'s motion to compel at Docket No. 191 to resolve months-long discovery disputes with Plaintiffs Elias Sánchez-Sifonte ("Sánchez") and Valeria Rodríguez-Erazo ("Rodríguez") (collectively, Plaintiffs) regarding requests for production of documents and responses to interrogatories. Defendants also request that Plaintiffs pay all expenses Defendants have incurred in litigating the motion to compel. The presiding District Judge referred this motion to me for report and recommendation on November 25, 2025. Docket No. 212.

For the reasons set forth below, I recommend that Defendants' motion be GRANTED in part, DENIED in part, and deemed MOOT in part.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

I briefly outline the background of the instant case.[1] Plaintiffs originally filed this action in Florida state court on December 31, 2020. Docket No. 1-2. On February 9, 2021, Defendants removed the state court action to the U.S. District Court for the Southern District of Florida based on diversity of citizenship. Docket No. 1. On November 1, 2021, the U.S. District Court for the Southern District of Florida granted in part Defendants' motions to dismiss Plaintiffs' first complaint as an improper shotgun pleading and ordered Plaintiffs to amend it to be consistent with the federal pleading standard. Docket No. 67. Plaintiffs filed an amended complaint on November 23, 2021. Docket No. 69. TM Television sought its dismissal for lack of personal jurisdiction. Docket No. 73. In the alternative, it requested the case be transferred to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 1404(a). *Id*. The remaining Defendants filed a motion to dismiss the amended complaint and joined in the motion for transfer of venue. Docket No. 74. The case was transferred to this district on September 13, 2022. Docket Nos. 105, 108 and 110. Plaintiffs filed the operative complaint at Docket No. 130 on November 9, 2022.

On February 19, 2025, TNG and NBC sent their First Set of Interrogatories to Sánchez and Rodríguez, respectively. The responses were due by March 21, 2025. Docket No. 191. On February 26, 2025, TPR propounded its First Set of Interrogatories to Sánchez and to Rodríguez. On that same date, Defendants jointly sent their First Set of

---

[1]    For an in-depth background of the case, see Docket No. 150.

2

Requests for Production to each Plaintiff. On March 21, 2025, counsel for Plaintiffs moved for an extension of time until April 11, 2025, to respond to all eight sets of written discovery requests. Defendants agreed to the extension. Docket No. 191. On April 11, 2025, Plaintiffs served their responses and produced a limited quantity of documents. Docket No. 191 Exhibits 1-8. Days later, on April 23, 2025, Defendants' counsel sent Plaintiffs' counsel a letter setting forth several deficiencies and requesting that they be cured by May 7, 2025. Docket No. 191-9. Plaintiffs' counsel provided no response, and the deficiencies were not cured. Follow up emails were sent by counsel for Defendants on May 12, 2025, May 27, 2025, June 2, 2025, and June 3, 2025, to which Plaintiffs' counsel responded that he was prepping for trial and, subsequently, in trial. Docket No. 191-10.

As of June 6, 2025, counsel for Plaintiffs had not cured the alleged deficiencies and had not provided his availability to meet and confer with Defendants' counsel. Left with no option other than court intervention, Defendants filed their motion to compel on June 6, 2026, after waiting for their discovery requests to be adequately responded to for nearly four months. Docket No. 191. Defendants underscore that many of the responses to their requests have as objections that the request is overbroad, oppressive, privileged, unduly burdensome, and speculative. *Id*. Plaintiffs allegedly offered no explanation as to why the requests are overbroad, oppressive, privileged, unduly burdensome, and speculative.

As to the responses to the interrogatories, they are allegedly incomplete, evasive, or simply nonresponsive. Plaintiffs responded to Defendants' motion to compel on June 23, 2025, contending that the alleged deficiencies were cured because they had amended

3

their responses to remove general objections. Additionally, they assured that they explicitly "state[d] whether any documents are being withheld based on objections[.]" Docket No. 193. And that they were acting in good faith to address the issues raised in the motion to compel. Defendants replied that, although Plaintiffs did remove most of the boilerplate objections, the responses were still deficient and continued to be unresponsive and incorrect. Docket No. 196.

After the Court ordered them to do so, Docket No. 201, the parties met and conferred on October 16, 2025. Docket No. 209. Plaintiffs agreed to supplement their responses and production of documents by November 7, 2025. On that date, Plaintiffs requested an extension of time to provide their amended responses and supplemental production. On November 10, 2025, Plaintiffs served their second amended responses to Defendants' requests for production and produced additional documents. However, Plaintiffs did not serve amended interrogatory responses.

On November 19, 2025, Plaintiffs served second amended responses to only five of the six sets of interrogatories propounded by Defendants. Upon the referral by the presiding District Judge of the motion to compel, Docket No. 212, the undersigned held a discovery hearing on December 22, 2025, and ordered Plaintiffs to thoroughly review, amend, and supplement their discovery productions and that if objections are going to be interposed, the objections had to be specific. Counsel for Plaintiffs was also ordered to address Docket No. 209- 2 line by line on or before January 16, 2026. Docket No. 221. On January 30, 2026, the Defendants alerted the Court that many deficiencies remained in Plaintiffs' third amended responses. Docket No. 227. Plaintiffs were ordered to show

cause, no later than February 13, 2026, as to why the undersigned should not recommend granting the motion to compel. Docket No. 228. Plaintiffs did not comply.

A further discovery hearing was held on February 18, 2026. Docket No. 228. The Court inquired as to why Plaintiffs had failed to comply with the order show cause at Docket No. 228 and asked the parties to report on the status of discovery. The third amended responses still had deficiencies and incomplete responses. Financial documents, such as tax returns, were not provided. As to the interrogatories, Plaintiffs suggested that a deposition is a more suitable discovery device to obtain the information requested in the interrogatories being challenged. Counsel for Plaintiffs was unaware of the detailed chart prepared by Defendants at Docket No. 227-2 as to the remaining deficiencies, and the tax return waivers at Docket No. 227-3. On March 3, 2026, the Court ordered Plaintiffs to serve upon Defendants' counsel the IRS waiver forms at Docket No. 227-3 and warned that the failure to comply would result in the dismissal of the claims for economic damages. Docket No. 251.

Given Plaintiffs' failure to adequately and sufficiently provide answers to interrogatories and produce documents, which have been sought for more than a year now, I entertain Defendants' motion to compel at Docket No. 191. In doing so, I will use as a guide Defendants' detailed chart of unresolved matters at Docket No. 227-2.

## II. APPLICABLE LAW AND DISCUSSION

### A. Legal Framework

Under Federal Rules of Civil Procedure 33 and 34, interrogatories and requests for production of documents are directed to the parties and must be answered by the parties to whom they are directed. Fed. R. Civ. P. 33(b)(1)(A); Fed. R. Civ. P. 34(b)(2)(A).

5

The response to an interrogatory under Rule 33 is either: (1) an answer in writing and signed under oath by the party to whom it is directed, or (2) an objection signed by the attorney who made the objection. Fed. R. Civ. P. 33(b)(1)(3)(5). Under Rule 34, however, the answer to a request for production of documents is generally either: (1) actual production of the documents, or (2) an objection signed by the attorney making the objection. Pursuant to Rule 33(a), a party may serve interrogatories on any other party that relates to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). If a party objects to an interrogatory request, "[t]he grounds for objecting … must be stated with specificity." Fed. R. Civ. P. 33(b)(4).

Where a response shows that "the answers as a whole disclose a conscientious endeavor to understand the questions and to answer fully those questions as are proper, the rule has been satisfied." *Sánchez-Medina, et al. v. UNICCO Service Co., et al.*, 265 F.R.D. 24, 27 (D.P.R.2009) (cleaned up). It is well settled that the party resisting production bears the burden of establishing lack of relevancy or undue burden. A "mere statement by a party that the interrogatory … was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection. On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Aponte-Navedo, et al. v. Nalco Chemical Co., et al.*, 268 F.R.D. 31, 36–38 (D.P.R. 2010) (quoting *Sánchez-Medina v. UNICCO Serv. Co.*, 265 F.R.D. 24, 27 (D.P.R. 2009)) (cleaned up).

**B.     Discussion**

First, I note that Plaintiffs generally have failed to explain with sufficient specificity why they have not provided complete and non-evasive responses to the

6

interrogatories at issue or produced certain requested documents at issue. Their objections are conclusory and unhelpful. Accordingly, my recommendation to compel the production of a document or to respond to an interrogatory is largely based on the vague justifications provided by the Plaintiffs *vis à vis* Defendants' detailed explanations. After careful consideration, I recommend that the Court rule on each individual item as follows:

**Remaining Deficiencies in Plaintiff Sánchez's Third Amended Responses to Defendants' RFP:**

1. <u>Request No. 20</u>: Granted. Plaintiff is to produce any documents or information related to entities in which he has served as an officer, director, managing member, shareholder, agent, etc., including FE &C Consulting, LLC.

2. <u>Request No. 44</u>: Moot. *See* Court Order at Docket No. 251.

3. <u>Request No. 45</u>: Granted. The request is related to the financial condition at issue. The confidentiality and protective order at Docket No. 183 addresses any concerns Plaintiff might have concerning privacy.

4. <u>Request No. 48</u>: Denied.

5. <u>Request No. 49</u>: Moot. *See* Court Order at Docket No. 251.

6. <u>Request No. 54</u>: Moot. *See* Court Order at Docket No. 251. However, in the event that the tax returns from the year 2015 to the present from any business owned or operated by Plaintiff are not covered by Docket No. 251, the request is granted.

7. <u>Request No. 79</u>: Granted. The allegations in the Amended Complaint at Docket No. 130 must be supported by evidence. Additionally, the video embedded in the article must be produced.

8. <u>Request No. 80</u>: Granted. The allegations in the Amended Complaint at Docket No. 130 must be supported by evidence. Additionally, the video embedded in the article must be produced.

9. <u>Request No. 81</u>: Granted. The allegations in the Amended Complaint at Docket No. 130 must be supported by evidence. Additionally, the video embedded in the article must be produced.

10. <u>Request No. 83</u>: Granted. The production must include evidence supporting the allegations in paragraph 130 of the Amended Complaint at Docket No. 130.

**Remaining Deficiencies in Plaintiff Rodríguez's Third Amended Responses to Defendants' RFP:**

1. <u>Request No. 18</u>: Granted. In her amended response to the request, Plaintiff stated that she had no other document than those previously submitted, but none were submitted in her first response. Plaintiff is to produce any documents or information related to entities in which he has served as an officer, director, managing member, shareholder, agent, etc., including CDO Group.

2. <u>Request No. 33</u>: Moot. *See* Court Order at Docket No. 251.

3. Request No. 34: Granted. The request is related to the financial condition at issue. The confidentiality and protective order at Docket No. 183 addresses any concerns Plaintiff might have concerning privacy.

4. Request No. 37: Denied.

5. Request No. 38: Moot. *See* Court Order at Docket No. 251.

6. Request No. 42: Granted.

7. Request No. 70: Granted. The allegations in the Amended Complaint at Docket No. 130 must be supported by evidence.

8. Request No. 79: Granted. In her amended response to the request, Plaintiff stated that she had no other document than those previously submitted, but none were submitted in her first response. As noted by Defendants, at least two of Plaintiff's social media accounts appear in Google Search.

**Remaining Deficiencies in Sánchez's Second Amended Responses to TPR's ROG:**

1. Interrogatory No. 3: Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory.

2. Interrogatory No. 4: Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory.

3. Interrogatory No. 5: Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory.

4. Interrogatory No. 8: Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the

interrogatory, including his knowledge of the facts related to Telegram Gate and identify persons with knowledge of those facts.

5. Interrogatory No. 11: Granted. There is no attorney-client privilege as to a client's identity. *See HSH Nordbank AG New York Branch v. Swerdlow*, 2009 WL 2223476, at *69 (S.D.N.Y. July 24, 2009); *United States v. Buitrago-Dugand*, 712 F. Supp. 1045 (D.P.R. 1989). Any assertions of privilege go to the contents of the communications.

6. Interrogatory No. 13: Granted. Plaintiff to answer the question with a definite "yes" or "no."

7. Interrogatory No. 15: Granted. Defendant has a right to choose the discovery method it desires. The response is evasive. Plaintiff must fully respond to the interrogatory.

8. Interrogatory No. 16: Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory, including how he was placed in the role, the circumstances surrounding his exit, and any allegations, lawsuits, or investigations related to actions he took while serving in his role.

9. Interrogatory No. 17: Granted. Exhibit to response was not attached.

10. Interrogatory No. 18: Granted. No response provided.

11. Interrogatory No. 19: Granted. Plaintiff has knowledge of the facts supporting the amount of damages claimed and the method used to calculate the amount. The undersigned forewarns Plaintiff that if no computation is provided, the Court may preclude him from raising any

specific sum before the jury. *See De La Madrid-Pérez v. Rosado-Rodriguez*, 2023 WL 8238955, at *7 (D.P.R. Nov. 28, 2023).

12. <u>Interrogatory No. 20</u>: Granted. Defendant has a right to choose the discovery method it desires.

13. <u>Interrogatory No. 22</u>: Granted. No response provided.

**Remaining Deficiencies in Rodríguez's Third Amended Responses to TPR's ROG:**

1. <u>Interrogatory No. 1</u>: Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory.

2. <u>Interrogatory No. 2:</u> Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory.

3. <u>Interrogatory No. 3:</u> Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory.

4. <u>Interrogatory No. 4:</u> Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory.

5. <u>Interrogatory No. 5:</u> Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory.

6. <u>Interrogatory No. 6:</u> Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory.

7. <u>Interrogatory No. 8</u>: Denied. Plaintiff's response describing Mabel Cabeza as a "personal friend" is enough. Requesting Plaintiff to identify all persons with knowledge of that fact is overbroad.

8. <u>Interrogatory No. 9:</u> Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory, including her knowledge of the facts related to Telegram Gate and any investigations related to the incident.

9. <u>Interrogatory No. 11:</u> Granted. There is no attorney-client privilege as to a client's identity. *See HSH Nordbank AG New York Branch v. Swerdlow*, 2009 WL 2223476, at *69 (S.D.N.Y. July 24, 2009); *United States v. Buitrago-Dugand*, 712 F. Supp. 1045 (D.P.R. 1989). Any assertion of privilege goes to the contents of the communications. Additionally, there is a confidentiality and protective order in place to address any privacy concerns.

10. <u>Interrogatory No. 15:</u> Denied. The letter, included with Plaintiff's response (see Docket No. 191-6 p.31), sufficiently responds to the matter being asked.

11. <u>Interrogatory No. 16:</u> Granted.

12. <u>Interrogatory No. 17:</u> Granted. Plaintiff must answer to the best of her knowledge.

13. <u>Interrogatory No. 18:</u> Granted. Plaintiff has knowledge of the facts supporting the amount of damages claimed and the method used to calculate the amount. The undersigned forewarns Plaintiff that if no computation is provided, the Court may preclude her from raising any specific sum before the jury. *See De La Madrid-Pérez*, 2023 WL 8238955, at *7.

14. <u>Interrogatory No. 19:</u> Granted.

12

**Remaining Deficiencies in Sánchez's Third Amended Responses to NBC's ROGs:**

1. Interrogatory No. 1: Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory and identify the statements.

2. Interrogatory No. 2: Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must identify the publications.

3. Interrogatory No. 13: Granted.

**Remaining Deficiencies in Rodríguez's Responses to NBC's ROGs:**

1. Interrogatory No. 1: Granted. No amended response was provided. Plaintiff must identify the statements.

2. Interrogatory No. 2: Granted. No amended response was provided. Plaintiff must identify the publications.

3. Interrogatory No. 9: Granted. No amended response was provided.

**Remaining Deficiencies in Sánchez's Third Amended Responses to TNG's ROGs:**

1. Interrogatory No. 1: Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must fully respond to the interrogatory and identify the statements.

2. Interrogatory No. 2: Granted. Defendant has a right to choose the discovery method it desires. Plaintiff must identify the publications.

3. Interrogatory No. 13: Granted.

**Remaining Deficiencies in Rodríguez's Responses to TNG's ROGs:**

1. <u>Interrogatory No. 1</u>: Granted. No amended response was provided. Plaintiff must fully respond to the interrogatory and identify the statements.

2. <u>Interrogatory No. 2</u>: Granted. No amended response was provided. Plaintiff must identify the publications.

3. <u>Interrogatory No. 6:</u> Granted. No amended response was provided.

I further recommend that if Plaintiffs insist they have no further documents or information to produce to Defendants, that they be ordered to certify that fact in response to each of the requests. *See Colon v. Blades*, 268 F.R.D. 129, 133 (D.P.R. 2010).

Lastly, I address the Defendants' request for an award of reasonable expenses under Fed. R. Civ. P. 37(a). Whenever a court grants Defendants' motion to compel discovery, the Court may award the moving party reasonable expenses associated with filing the motion, including attorney's fees, unless it can be shown that (1) the moving party filed the motion before attempting in good faith to obtain the discovery without court intervention, (2) the opposing party's failure to disclose was substantially justified, or (3) other circumstances make an award of expenses unjust. *See Colon v. Blades*, 268 F.R.D. at 134; Fed. R. Civ. P. 37(a)(5)(A).

Here, if the presiding District Judge was to adopt my recommendation, I also recommend awarding Defendants reasonable expenses associated with filing the motion, including attorney's fees. *See id*. Defendants attempted, on multiple occasions and in good faith, to obtain the discovery without the court's intervention. Moreover, Plaintiffs' failure to disclose has not been substantially justified whatsoever. And the award of cost

and attorney's fees associated with filing the motion to compel and subsequent pleadings (i.e., informative motions and the reply) is warranted given the protracted litigation in the case, which in great part has been caused by Plaintiffs.

### III.  CONCLUSION

In view of the foregoing, I recommend that Defendants' motion to compel at Docket No. 191 be GRANTED in part, DENIED in part, and deemed MOOT in part.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico this 6th day of March, 2026.

S/Héctor L. Ramos-Vega<br>HÉCTOR L. RAMOS-VEGA<br>UNITED STATES MAGISTRATE JUDGE