**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ELIAS SÁNCHEZ-SIFONTE et al.,<br><br>**Plaintiffs**,<br><br>v.<br><br>JOSUE FONSECA, et al.<br><br>**Defendants.** | **CIVIL NO. 22-1444 (RAM)** |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

#### I.    BACKGROUND

In this long-running, but slow-moving, defamation, slander and libel action, Plaintiffs Elías Sánchez-Sifonte and his wife Valerie Rodríguez-Erazo (collectively, "Plaintiffs") sued Josué Fonseca a/k/a Jay Fonseca, Jagual Media LLC, NBC Universal Media LLC, Telemundo Network Group, LLC, Telemundo Puerto Rico, LLC, Antonio G. Mojena and others (collectively, "Defendants") claiming damages allegedly arising out of a series of broadcasts in Fonseca's "Jay y sus Rayos X" show. (Docket No. 130). Plaintiffs seek "consequential damages in the amount of damage to Sanchez's and Rodriguez's respective business and property in a sum certain according to proof and not less than THIRTY MILLION DOLLARS ($30,000,000.00)". Id. at 69.

Civil No. 22-1444 (RAM)                                                    2

On March 3, 2026, the Court ordered Plaintiffs Elías Sánchez-Sifonte ("Mr. Sánchez") and Valerie Rodríguez-Erazo ("Mrs. Rodríguez") (collectively, "Plaintiffs") to produce a duly signed and completed 4506 Form (Request for Copy of Tax Return) on or before March 11, 2026. (Docket No. 251). Moreover, the Court cautioned that "[f]ailure to comply with this Order shall result in dismissal of the claims for economic damages." Id. On March 12, 2026, Defendants filed a *Notice of Non-Compliance* informing the Court that Plaintiffs failed to comply with this order. (Docket No. 257). Plaintiffs have not responded nor contested this assertion. Plaintiffs also failed to object to Magistrate Judge Héctor Ramos-Vega's Report and Recommendation issued on March 5, 2026, noting that Defendants' request for the production of tax returns is moot given this Court's order at Docket No. 251 but in the alternative, recommending that tax returns from the year 2015 to the present be produced. (Docket No. 254 ¶ 7).[1]

## II.  APPLICABLE LAW

### A. Relevant Discovery

Fed. R. Civ. P. 26(b)(1) provides that that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

---

[1] See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 166 (1st Cir. 2016) (finding that when no objection to a report and recommendation has been presented, a district court may assume that "[the affected party] agree[s] with the magistrate judge's recommendation.").

> importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Accordingly, "[t]he scope of discovery is broad, and to be discoverable, information need only appear to be reasonably calculated to lead to the discovery of admissible evidence." Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 52 (1st Cir. 2009)(quoting Fed. R. Civ. P. 26(b)(1). Moreover, "[t]rial courts enjoy a broad measure of discretion in managing pretrial affairs, including the conduct of discovery." Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 186 (1st Cir. 1989) (citation omitted).

## B. Discovery Sanctions

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) provides that if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" including "striking pleadings in whole or in part[.]" The appropriateness of this sanction, or any other, "depends on the circumstances of the case." Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43-44 (1st Cir. 2007). District courts must consider the following "non-exclusive list of substantive factors" when evaluating whether to impose sanctions: "the severity of the

Civil No. 22-1444 (RAM)                                                   4

violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Id. (quoting Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006)).

The First Circuit has held that "disregard of court orders qualifies as extreme behavior[.]" Id. *See* *also* Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005) (internal citations omitted omitted) ("It is settled law that a party flouts a court order at his peril. Where, as here, the court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice.").

Generally, courts must impose attorney's fees and expenses when compelling discovery unless the party resisting discovery was substantially justified in doing so. Fed. R. Civ. P. 37(a)(5)(A). Resistance to discovery is "substantially justified" if there is a "genuine dispute" or if "reasonable people could differ as to the appropriateness of the contested action." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal citations and quotations omitted).

## III. DISCUSSION

Given Plaintiffs' demand for Thirty Million Dollars ($30,000,000.00), in damages to their business and property, there can be no serious question that discovery of the tax returns is both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Plaintiffs have disregarded a clear and unambiguous order and have not provided any justification or excuse for their failure to do so.

Any concerns about confidentiality of the information in the tax-returns were presumptively addressed by the Confidentiality Stipulation and Protective Order this Court entered at the parties' request on March 30, 2025. (Docket No. 183). And be that as it may, Plaintiffs did not move to contest or cabin discoverability of their tax-returns.

Nevertheless, for almost a year, Plaintiffs have failed to provide their tax filings or a completed 4506 Form that would allow Defendants to obtain Plaintiffs' tax information from the relevant government agencies.[2] (Docket Nos. 191, 204, 227, 248 and 257). The record reflects that although Plaintiffs have previously asserted that they will supplement discovery, they have not produced the tax information requested. (Docket No. 204 ¶ 4). Most

---

[2] Defendants' initial *Motion to Compel* seeking Plaintiffs tax information was filed on January 6, 2025. (Docket No. 191). Therein, Defendants assert that Plaintiffs received various interrogatories during the month of February 2025. Id. ¶ 1-5). Answers were initially due on March 28, 2025. Id. ¶ 6.

recently, per Defendants' *Second Notice of Plaintiffs' Non-Compliance*, Plaintiffs' counsel represented that he would facilitate completion and production of the forms, but they have yet to materialize. (Docket No. 257 ¶ 2).

Plaintiffs have not provided any justification for their failure to comply with this Court's order to produce the requested tax form. On their part, Defendants have had to engage in protracted discovery proceedings, file numerous motions, and attend various hearings in their attempt to procure Plaintiffs' income tax information.

Considering the above, the Court finds that striking the pleadings and eliminating Plaintiffs' claims for consequential damages to Sanchez's and Rodríguez's respective business and property is an appropriate sanction given Plaintiffs' noncompliance with this Court's unambiguous order and repeated failure to produce relevant information to adequately prosecute their claims. *Cf.* Torres-Vargas, 431 F.3d at 393 ("Using dismissal as a sanction in such a case recognizes the court's strong interest in maintaining discipline and husbanding scarce judicial resources; after all, such a sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example.").

Accordingly, Plaintiffs' claims for "consequential damages to Sanchez's and Rodríguez's respective business and property" in the

*Amended Complaint* at Docket No. 130 are hereby **DISMISSED WITH PREJUDICE.** By **March 31, 2026,** Plaintiffs shall show cause as to why they should not pay Defendants' reasonable expenses, including attorney's fees, in moving to compel production of Plaintiffs' tax returns and tax forms.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 23rd day of March 2026.

                        s/Raúl M. Arias-Marxuach
                        UNITED STATES DISTRICT JUDGE