**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ELIAS SÁNCHEZ-SIFONTE et al., | |
| **Plaintiffs,** | |
| v. | **CIVIL NO. 22-1444 (RAM)** |
| JOSUE FONSECA, et al. | |
| **Defendants.** | |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are two motions by Defendants TM Television, Inc. ("TMTV") and Antonio G. Mojena (collectively, "Defendants"): a *Motion to Compel* and a *Motion to Dismiss*. (Docket Nos. 255, 261). The Court has considered them, as well as Plaintiff Elías Sánchez-Sifonte and his wife Valerie Rodríguez-Erazo (collectively, "Plaintiffs")'s *Response* to the *Motion to Dismiss* and Defendants' *Reply* to the *Response*. (Docket Nos. 263, 265).

On account of Plaintiffs' failure to excuse their delay and the lack of current compliance, the Court **GRANTS IN PART** the *Motion to Compel* at Docket No. 255 and **DENIES** the *Motion to Dismiss* at Docket No. 261. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court awards Defendants reasonable expenses incurred in the dispute over Plaintiffs' responses to interrogatories resolved herein.

## I.   BACKGROUND

In this long-running defamation, slander, and libel action, Plaintiffs sued Josué Fonseca a/k/a Jay Fonseca, Jagual Media LLC, NBC Universal Media LLC, Telemundo Network Group, LLC, Telemundo Puerto Rico, LLC, Antonio G. Mojena, TMTV, and others, claiming damages allegedly arising out of a series of broadcasts in Fonseca's "Jay y sus Rayos X" show. (Docket No. 130). Plaintiffs sought, in addition to compensatory and punitive damages, "consequential damages in the amount of damage to Sanchez's and Rodriguez's respective business and property in a sum certain according to proof and not less than THIRTY MILLION DOLLARS ($30,000,000.00)." Id. at 69. On March 23, 2026, the Court issued an Opinion and Order dismissing with prejudice the consequential damage claims on account of Plaintiffs' noncompliance with prior unambiguous Court orders. (Docket No. 260).

On March 9, 2026, Defendants filed a short *Motion to Compel Plaintiff's Answers to Interrogatories*, claiming that despite the expiration of routine deadlines and Defendants' diligent attempts to obtain compliance without judicial intervention, Plaintiffs had neither served responses nor asserted objections to Defendants' first set of interrogatories. (Docket No. 255 at 1-3). Defendants aver that they afforded Plaintiffs an extra week to comply and even attempted to schedule meetings thereafter, all to no avail.

Id. Defendants request the award of reasonable fees under Fed. R. Civ. P. 37(a)(5)(A) as a result. Id. at 3.

The day after the Court-imposed deadline for Plaintiffs to file a Response in Opposition to the *Motion to Compel* expired on March 23, 2026, with no sign of a reaction from Plaintiffs, *see* (Docket No. 256), Defendants filed a short *Motion to Dismiss*. (Docket No. 261). Therein, Defendants reiterate that the *Motion to Compel* remains unopposed. Id. at 2. They also argue for sanctions on the basis of Plaintiffs' "noncompliance with core discovery obligations—after formal service, an agreed extension, and multiple good-faith conferrals" and claim that Plaintiffs have forfeited all objections under Fed. R. Civ. P. 33(b)(4). Id. Among Defendants' requested sanctions is dismissal of the case with prejudice because of Plaintiffs' failure to prosecute the case. Id.

On March 31, 2026, Plaintiffs broke their silence and filed a *Response* to Defendants' *Motion to Dismiss*. (Docket No. 263). Therein, they characterize the *Motion to Compel* as "moot," as they have now "served their discovery responses and produced the materials at issue, thereby curing any prior deficiency." Id. at 1. As for the delay in their compliance, Plaintiffs attribute it to a busy trial schedule, an earlier surgery for one of the Plaintiffs, and the fact that they had not yet identified this "administrative oversight." Id. at 1-2. Relying on these

justifications, Plaintiffs contend there is no basis for the imposition of sanctions such as dismissal or the award of attorney's fees. Id.

On April 8, 2026, Defendants filed a *Reply* to the *Response*. (Docket No. 265). Therein, Defendants argue that the belated service does not moot the *Motion to Compel* because, in their view, the response remains deficient, incomplete, and unverified. Id. at 1, 4-6. Defendants contend that Plaintiffs' invocation of a "substantial compliance" standard, their allegedly busy trial schedule, and medical procedures for one of the Plaintiffs do not excuse a failure to comply with the applicable rules or timely seek relief from Court-imposed deadlines. Id. at 5-7. Defendants also insist on collecting reasonable fees under Fed. R. Civ. P. 37(a)(5)(A). Id. at 6-7.

## II.  DISCUSSION

The Court is encouraged to hear that Plaintiffs have belatedly complied with their obligation to deliver their interrogatory responses to Defendants. (Docket No. 263 at 1). However, Plaintiffs' contention that this obviates all requested relief is incorrect. It conflates tardy production with immunity from consequences.

### A. Defendants' request to compel interrogatory responses

Plaintiffs do not meaningfully contradict the timeline underlying Defendants' motions. They do not contest: that

Defendants timely served written discovery; that the ordinary response deadline expired; that Defendants afforded them an extra week in an effort to obtain compliance without judicial interference; that Defendants still attempted to confer further thereafter; or that they failed to file an opposition altogether to the *Motion to Compel* despite a Court-instituted deadline. (Docket Nos. 256, 261, 263, 265).

The First Circuit has held that "disregard of court orders qualifies as extreme behavior[.]" <u>Malot v. Dorado Beach Cottages Assocs.</u>, 478 F.3d 40, 43-44 (1st Cir. 2007); *see also* <u>Torres-Vargas v. Pereira</u>, 431 F.3d 389, 393 (1st Cir. 2005) (internal citations omitted) ("[i]t is settled law that a party flouts a court order at his peril"). Here, even crediting Plaintiffs' contention that they have now delivered up compliant responses, the present situation is expressly anticipated by Fed. R. Civ. P. 37. That rule declares that "if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party...whose conduct necessitated the motion...to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Here, Plaintiffs do not assert that disclosure occurred before the *Motion to Compel* was filed, so the sanctions anticipated by the *Motion to Compel* are not "moot."

Nor is the Court satisfied, on the record before it, that there is nothing left to compel. Defendants maintain that Plaintiffs' belated responses remain incomplete and unverified. (Docket No. 265 at 1, 4-6). Plaintiffs have not rebutted this allegation. Fed. R. Civ. P. 33(b)(3) mandates that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." They must also be signed. Fed. R. Civ. P. 33(b)(5). Accordingly, to the extent that Plaintiffs have not already served complete, non-evasive, and verified answers to the interrogatories, they must supplement their submissions by the deadline set forth below.

The Court also agrees with Defendants that Plaintiffs' untimely objections are to be deemed waived. Fed. R. Civ. P. 33(b)(4) declares that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." As set out in more detail next, the Court does not find that Plaintiffs have demonstrated good cause or substantial justification to excuse their noncompliance.

Monetary sanctions are warranted in the case at bar. Generally, courts must impose attorney's fees and expenses when compelling discovery, unless the party resisting discovery was substantially justified in doing so. Fed. R. Civ. P. 37(a)(5)(A). Resistance to discovery is "substantially justified" if there is a "genuine dispute" or if "reasonable people could differ as to

Civil No. 22-1444 (RAM)                                                    7

the appropriateness of the contested action." Pierce v. Underwood,
487 U.S. 552, 565 (1988) (internal citations and quotations
omitted). The Court has reviewed Plaintiffs' justification in
their *Response* to Defendants' *Motion to Dismiss*. (Docket No. 263).
The Court finds that, considering Plaintiffs' pattern of
noncompliance and failure to heed explicit Court-imposed
deadlines, Plaintiffs have not demonstrated that their actions
were "substantially justified." The listed justifications--such as
an earlier surgery or busy trial schedules--can constitute grounds
for seeking relief from a deadline from the Court. They certainly
cannot constitute grounds for disappearing altogether. Pursuant to
Fed. R. Civ. P. 37(a)(5)(A), the Court awards Defendants reasonable
expenses.

   **B. Defendants' request for the case to be dismissed**

   However, the Court declines to dismiss the case at this time.
As the First Circuit "has often recognized, the sanction of
dismissal with prejudice for want of prosecution is a unique and
awesome one, foreclosing forever the plaintiff's opportunity to
obtain judicial redress." Pomales v. Celulares Telefonica, Inc.,
342 F.3d 44, 48 (1st Cir. 2003). This is particularly true where
the Court has not previously warned Plaintiffs that a dismissal
for nonprosecution is imminent. Plaintiffs' filing pattern is
troubling and has plainly resulted in the cluttering of the docket
and unnecessary motion practice. Still, given Plaintiffs'

Civil No. 22-1444 (RAM)                                                    8

representation that discovery responses have now been partially served, the Court will impose lesser sanctions. Plaintiffs should not mistake this restraint for approval, however, as their noncompliance has steered them perilously close to the ultimate sanction.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** the *Motion to Compel* at Docket No. 255 and **DENIES** the *Motion to Dismiss* at Docket No. 261.

To the extent that Plaintiffs have not already served complete, non-evasive, and verified answers to the interrogatories, they must supplement their submissions by **May 13, 2026.** Because Plaintiffs failed to timely serve objections and did not seek an extension before the applicable deadline, the Court deems objections, except privilege, to be waived under Rule 33(b)(4).

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court awards Defendants reasonable expenses incurred in the dispute over Plaintiffs' responses to interrogatories resolved herein. Defendants shall file a bill containing their reasonable fees and costs by **May 18, 2026.** The filing shall not exceed 5 pages.

Civil No. 22-1444 (RAM)                                                        9

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of May 2026.

                                          s/Raúl M. Arias-Marxuach
                                          UNITED STATES DISTRICT JUDGE