UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SÁNCHEZ-SIFONTE, ET AL., Plaintiffs, <br><br> v. <br><br> FONSECA, ET AL., Defendants, | Civil No. 22-1444 (RAM) |

**DEFENDANTS' MOTION TO SET AMOUNT OF ATTORNEYS' FEES AND
EXPENSES AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and this Court's Order (D.E. 259), Defendants Telemundo of Puerto Rico LLC ("TPR"), Telemundo Network Group LLC ("TNG"), and NBCUniversal Media, LLC ("NBC") (together, "Defendants"), hereby move for their reasonable attorneys' fees in the amount of $60,810.00 and expenses in the amount of $1,210.70 (for a **total of $62,020.70**) incurred in bringing Defendants' Motion to Compel Plaintiffs Elias Sánchez Sifonte ("Sánchez") and Valerie Rodríguez Erazo ("Rodríguez") (together, "Plaintiffs") to provide proper responses and documents to Defendants' interrogatories and requests for production.

**Background**

This action stems from several publications reporting on a massive political scandal in Puerto Rico dubbed "TelegramGate." The scandal began from a leak of hundreds of pages of private group chat messages between then-Governor Ricardo Rossello and several others, including Sanchez. Plaintiffs brought defamation claims related to statements in the publications against Defendants.

Plaintiffs originally filed this action in Florida state court on December 31, 2020. On February 9, 2021, Defendants removed the state court action to the U.S. District Court for the

Southern District of Florida based on diversity of citizenship. Thereafter, Defendants requested the case be transferred to the United States District Court for the District of Puerto Rico. Plaintiffs filed the operative complaint in this Court on November 9, 2022. D.E. 130.

On February 19 and 26, 2025, Defendants served multiple sets of interrogatories and requests for production on Plaintiffs. Faced with woefully deficient responses, Defendants filed a motion to compel in June 2025. D.E. 191. The motion to compel was the catalyst for a lengthy process to secure Defendants' compliance with their discovery obligations that has not yet ended. For more than a year now, Defendants' efforts to try to obtain basic discovery from Plaintiffs have been extensively documented. *See* D.E. 191, 196, 204, 209, 227, 248, and 257. After multiple hearings and nearly a year later, several significant deficiencies remain, and Defendants are still expending significant sums to try to achieve basic compliance. Meanwhile, on March 23, 2026, the Court adopted Magistrate Judge Ramos-Vega's March 6, 2026 Report and Recommendation (D.E. 254), with one minor amendment. *See* D.E. 259. In doing so, the Court compelled, *inter alia*, Plaintiffs to pay Defendants' expenses, including attorneys' fees "associated with filing the motion to compel and subsequent pleadings." D.E. 254 at 14–15 (report and recommendation); D.E. 259 (order adopting report and recommendation).

In an effort to preserve judicial resources and avoid court intervention, Defendants attempted to resolve the amount of attorneys' fees and expenses with Plaintiffs, twice offering to accept a lesser amount of fees than requested by this motion (and supplying copies of the billing invoices that accompany this motion) *if the effort and expense* of bringing this matter before the Court could be avoided, but those efforts were not successful. Defendants now file the instant motion for the Court to rule on the amount of fees and expenses to be awarded to Defendants to

2

date in connection with their yearlong and ongoing effort to obtaining proper discovery responses from Plaintiffs.

**Argument**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), this Court awarded Defendants their attorneys' fees and expenses "incurred in filing the Motion to Compel and subsequent pleadings (i.e., informative motions and the reply)". *See* Docket No. 254 (report and recommendation); 259 (order adopting report and recommendation). Accordingly, the only remaining issue is the amount of fees and expenses to be awarded.

**I.     Defendants are Entitled to their Reasonable Attorneys' Fees and Expenses Incurred in Connection with the Filing of the Motion to Compel**

An award of attorneys' fees is calculated using the lodestar method, which is based on the "numbers of hours reasonably expended on the litigation multiplied by a reasonable hourly rate as the starting point in constructing a fee award." *Autoridad de los Puertos de Puerto Rico v. Nevares-Font*, 664 F.Supp.2d 149, 151 (D.P.R. 2008) (citing *Coutin v. Young & Rubicam Puerto Rico, Inc.,* 124 F.3d 331, 337 (1st Cir. 1997)). The party seeking attorneys' fees should submit evidence supporting the hours worked and the rates claimed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

**a. Defendants' Counsel's Rates are Reasonable**

To calculate the rate to which attorneys are entitled, the Court must take into consideration the prevailing rate in the community considering the experience, qualifications and competence of the attorneys involved. *Autoridad de los Puertos de Puerto Rico,* 664 F. Supp. 2d at 151; *(*citing *Gay Officers Action League v. Commonwealth of Puerto Rico,* 247 F.3d 288, 295 (1st Cir.2001))(other citations omitted). However, the First Circuit has recognized that this is not a rigid rule. When a party retains counsel from outside the forum for specialized assistance, the court

may deem the relevant community to be the "community in which the lawyer maintains his or her principal office" and may rely on counsel's actual billing practices. *See Maceira v. Pagan,* 698 F.2d 38, 40 (1st Cir.1983) (out of town specialists' rates may exceed local rates); *Guillemard-Ginorio v. Contreras*, 603 F. Supp. 2d 301, 314 (D. P.R. 2009) (finding reasonable in 2009 out of jurisdiction lawyer's rates of $330 - $350/hour, which would be $480 - $525/hour in today's dollars).

This principle applies here. This case involves complex issues arising under Florida defamation law which requires counsel with specialized expertise in defamation law of a jurisdiction other than Puerto Rico. Defamation law is a specialized practice area, involving complex issues of First Amendment law and a body of law related to claims and defenses that varies from jurisdiction to jurisdiction. It is not the stuff of general practitioners. Following transfer from Florida, Defendants continued to retain Shullman Fugate PLLC, whose principal office is in Florida, due to the firm's specialized expertise in Florida defamation law. Under these circumstances, it is appropriate to apply Florida market rates in assessing the reasonableness of Shullman Fugate PLLC's hourly rates. *See Maceira,* 698 F.2d at 40 (cautioning courts that reducing rates may deter parties from obtaining necessary specialized counsel).

The undersigned counsel Deanna Shullman, lead partner with more than two decades of experience overseeing this matter, bills at a rate of $450 in this matter. Shullman Decl. at ¶¶ 2, 14. Ms. Shullman typically bills at a rate of $725, but due to the firm's longstanding relationship with Defendants, counsel has significantly reduced her rate and that of her colleagues. Shullman Decl. ¶ 14. Giselle Girones, a partner with ten years of experience and primarily responsible for implementing the plan in connection with discovery in this case, bills at a rate of $450 in this matter. *Id*. at ¶¶ 10, 14. Associates Yelan Escalona and Elizabeth Bastidas have 3 – 5 years of

4

experience and bill at an hourly rate of $375 litigating this matter. *Id*. at ¶¶ 12 – 14.  Additionally, local counsel, Mr. Casellas bills at a rate of $360 and Ms. Echeverria bills at a rate of $337.50 litigating this matter. Casellas Decl. at ¶ 11. Each of these rates reflects a discount on counsel's standard rates.

Defendants' rates are reasonable under the circumstances. *See Perez-Sosa v. Garland*, 22 F.4th 312, 326 (1st Cir. 2022)("[m]ost often, there is not a single reasonable rate for legal services, but, rather, a range of reasonable rates."). Given the complexity of this multi-million dollar defamation action brought under Florida law, the number of parties, and the breadth of the publications and statements at issue, the rates of $337.50 - $450/hour are reasonable and consistent with the work performed by lawyers of comparable experience and skills in the community.

**b. The Amount of Time Expended is Reasonable.**

In fashioning the lodestar, a district court is to determine the number of hours productively expended on the litigation. *Torres-Rivera v. O'Neil-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008)(citations omitted). The reasonableness of hours expended is entrusted to the Court's informed judgment. *Id*. Time expended on litigation is reasonably spent unless the hours claimed are "excessive, redundant or otherwise unnecessary." *Id*.

As reflected in the time entries attached to the declarations in support of this motion, the burden imposed on Defendants' counsel in attempting to secure discovery has been substantial and ongoing. *See* Shullman Decl. at Exh. B and Casellas Decl. at Exh. B. Plaintiffs' noncompliance follows a year-long pattern of delays and obstruction that persists through the present, given Plaintiffs' failure to comply with the Court's discovery orders. Beginning March 2025 through March 30, 2026, defense counsel expended a total of 149.9 hours in a prolonged effort to obtain discovery from Plaintiffs, efforts required solely due to Plaintiffs' repeated deficiencies and failure

to comply with their discovery obligations. The docket reflects extensive motion practice regarding Plaintiffs' responses to Defendants' discovery, which continues to today. *See* D.E. 191, 196, 204, 209, 227, 248, and 257.

Thus far,[1] Defendants' lead counsel Shullman Fugate seeks reimbursement for 129.3 hours in connection with litigating Plaintiffs' discovery deficiencies, and local counsel seeks reimbursement for 20.3 hours.[2] Ms. Shullman expended 42 hours, Ms. Girones expended 27.8 hours, Ms. Escalona expended 51.3 hours, Ms. Bastidas expended 8.5 hours. Shullman Decl. at ¶ 18. Mr. Casellas expended 5.5 hours, and Ms. Morales expended 14.8 hours. Casellas Decl. at ¶ 13.

Ms. Shullman has exercised sound billing judgment in three ways. First, as a partner, Ms. Shullman is authorized to not enter time for work she personally performs. Ms. Girones, also a partner, is similarly authorized to decline to enter time for work she personally performs. Second, as the billing partner, Ms. Shullman is authorized to reduce the bill by cutting (and thereby erasing) any timekeeper's time before billing. In such instances, the time incurred does not appear on Defendants' bills. Third, as the billing partner, Ms. Shullman is authorized to discount the bill by reducing any individual time entry by a percentage established by Ms. Shullman based on the circumstances of the time entry under review. In such cases, the bill will reflect a line item discount for each time entry that has been reduced (rather than eliminated). In this case, Ms. Shullman exercised billing judgment to reduce or eliminate time billed to the client. Shullman Decl. at ¶ 16.

---

[1] Plaintiffs have yet to comply with the Court's order directing that they supplement their responses to discovery. (D.E. 267). Defendants request fees for their ongoing efforts.

[2] Local counsel's actual time billed exceeds this number, but Defendants seek only to recover for 20.3 hours of its local counsel's time.

Similarly, Mr. Casellas has exercised billing judgment with respect to bills submitted to Defendants by the law firm of Casellas Alcover & Burgos, P.S.C. Casellas Decl. at ¶ 7.

The undersigned further exercised judgment by utilizing the litigation team to perform tasks as efficiently as possible. The lead associate on the file, Yelan Escalona, expended more hours than any other timekeeper, and engaged in such tasks as preparing detailed letters to Plaintiffs identifying each deficiency in the discovery responses and production, drafting subsequent briefs regarding the Motion to Compel, preparing informative motions to the Court explaining remaining issues with Plaintiffs' amended discovery responses, and preparing a detailed chart outlining each discovery response deficiency. *See* Shullman Decl. at ¶18; Exh. B; Casellas Decl. at ¶ 8; Exh. B. The Court relied on these efforts in granting the Motion to Compel and awarding attorneys' fees and expenses. *See* D.E. 254, ¶¶ 20-21. Partners on the matter were involved in tasks appropriate to their skillset, such as overseeing the tasks assigned to associates, revising items as appropriate, conferring with local counsel and Defendants, and preparing for and arguing before the Court at hearings. *See* Shullman Decl., Exh B. Local counsel provided local support to lead counsel as reflected on its invoices. *See* Casellas Decl. at Exh. B.

The hours expended by Defendants' counsel are not redundant, excessive, or unnecessary. In fact, Defendants have reduced 17.65 hours of local counsel's billable work in a good-faith effort to avoid even the appearance of duplicative or excessive billings, reducing the amount sought for local counsel's time by nearly fifty-percent.[3] Casellas Decl. at ¶ 14. The hours worked and billed by Defendants' counsel were reasonable and necessary in light of Plaintiffs' substantial discovery

---

[3] Similarly, Defendants are not seeking to recover fees billed by Shullman Fugate partner Allison Lovelady, who worked on the motion to compel proceedings in June 2025 when Ms. Shullman was on vacation for 2.5 weeks.

deficiencies and the work required to prepare the Motion to Compel, related filings, follow ups with Plaintiffs' counsel, meet and confers, and multiple hearings.

Accordingly, as reflected in the declarations, Defendants incurred a total of $60,810.00 in reasonable attorneys' fees in connection with Plaintiffs' failure to provide adequate discovery responses. *See* Shullman Decl. at ¶ 18 and Casellas Decl. at ¶ 15. Thus, the total lodestar amount of fees sought is **$60,810.00**, reflecting $53,835.00 in fees billed by Shullman Fugate and $6,975.00 in fees billed by Casellas Alcover & Burgos. Shullman Decl. at ¶ 21 and Casellas Decl. at ¶ 10. This amount is both reasonable and appropriate given the nature of this litigation and the lengthy persistence of Plaintiffs' discovery failures, including even after making promises to comply or being directed to comply by the Court.[4]

### c.  Defendants are Entitled to Recover Reasonable Expenses

"If [attorneys' travel and accommodations] were necessarily incurred in this matter, we may properly award these as out-of-pocket expenses." *Colon v. Blades*, 757 F. Supp. 2d 103, 106 (D.P.R. 2010) (quoting *Peguero–Moronta v. Gabriel–Santiago,* Civil 01–1390 2010 WL 1444863 at *3 (D.P.R. Apr. 8, 2010)) (citing *Palmigiano v. Garrahy,* 707 F.2d 636, 637 (1st Cir.1983) (rejecting the argument that attorney travel and accommodation expenses are not recoverable)). "In determining what expenses should be awarded, a court must apply a test of reasonableness and necessity." *Boston and Maine Corp. v. Moore*, 776 F.2d 2, 11 (1st Cir. 1985)(citing *Palmigiano*, 707 F.2d at 637).

---

[4] Defendants expect to incur additional fees (and potentially expenses) in connection with securing Plaintiffs' compliance (Shullman Decl. at ¶ 19) and request that the Court reserve jurisdiction to award to Defendants' the reasonable amount of fees they have or will incur from April 1, 2026 through Plaintiffs' full compliance.

In addition to attorneys' fees, Defendants are entitled to recover reasonable expenses incurred in connection with litigating the Motion to Compel. *See* Fed. R. Civ. P. 37 (a)(5)(A); *see also* D.E. 254, 259. As explained above, Defendants retained Shullman Fugate in Florida at the outset of this case due to counsel's expertise in the governing principles of Florida defamation law. Plaintiffs' continued failure to provide adequate discovery responses, despite repeated conferral efforts, necessitated court intervention and ultimately required in-person attendance at the hearing on the Motion to Compel. Pursuant to the Court's Order, Ms. Girones traveled to Puerto Rico to attend the December 22, 2025 hearing. *See* D.E. 213.

In doing so, Defendants incurred reasonable and necessary travel expenses, including airfare, lodging, transportation, and meals. Specifically, Defendants incurred: (i) $530.00 in airfare for round-trip travel from Fort Lauderdale, Florida to Puerto Rico; (ii) $420.69 in lodging for one night; (iii) $233.61 in transportation (including rides to and from the airport and courthouse); and (iv) $26.40 in meals. *See* Shullman Decl., at ¶ 21; Exh. C. Thus, Defendants are entitled to **$1,210.70** for the reasonable and necessary travel expenses incurred. *See Palmigiano*, 707 F.2d at 636 (allowing reimbursement of reasonable and necessary expenses incurred by out-of-state attorney specializing in subject matter of action).

## Conclusion

Defendants are entitled to these reasonable attorneys' fees and expenses incurred in connection with the Motion to Compel. These fees are reasonable and compensable and were incurred only as a result of Defendants' yearlong and ongoing pursuit to obtain proper discovery responses from Plaintiffs. Additionally, Defendants are entitled to recover reasonable travel expenses to attend the hearing on the Motion to Compel. As such, Defendants request this Court award them their reasonable fees in the amount of $60,810.00 and their reasonable travel expenses

in the amount of $1,210.70 for a total award of **$62,020.70**. Defendants additionally request that the Court permit Defendants to supplement this amount when/if Plaintiffs finally comply with the matters raised in the motion to compel (D.E. 191) and their subsequent pleadings that unfortunately continue through the present due to Plaintiffs' chronic failure to abide or comply.

### LOCAL RULE 26 CERTIFICATION[5]

Defendants certify that counsel for the Telemundo Defendants sought to confer with Plaintiffs' counsel multiple times in a good faith effort to resolve the amount of fees to be awarded to these Defendants in connection with this ongoing discovery dispute but have been unable to resolve the matter due to Plaintiffs' failure to meaningfully participate in the meet and confer process.

Dated: May 8, 2026                                    Respectfully submitted,

| CASELLAS ALCOVER & BURGOS PSC<br>By: */s/ Ricardo F. Casellas Sanchez*<br>Ricardo F. Casellas Sánchez<br>USDC-PR 203114<br>Natalia Morales Echeverria<br>USDC-PR 226513<br>P.O. Box 364924<br>San Juan, PR 00936-4924<br>Telephone: (787) 756-1400<br>rcasellas@cabprlaw.com<br>nmorales@cabprlaw.com<br><br>*Counsel for Telemundo of Puerto Rico LLC, Telemundo Network Group, LLC, and NBCUniversal Media, LLC* | SHULLMAN FUGATE PLLC<br>By: */s/ Deanna K. Shullman*<br>Deanna K. Shullman*<br>Florida Bar No: 514462<br>Giselle M. Girones*<br>Florida Bar No. 124373<br>Yelan Escalona*<br>Florida Bar No.1031564<br>2101 Vista Parkway, Ste. 4006<br>West Palm Beach, Florida 33411<br>Telephone: (561) 429-3619<br>dshullman@shullmanfugate.com<br>ggirones@shullmanfugate.com<br>yescalona@shullmanfugate.com<br><br>**Pro Hac Vice Counsel for Telemundo of Puerto Rico LLC, Telemundo Network Group, LLC, and NBCUniversal Media, LLC* |

---

[5] Though this is not a discovery motion ordinarily subject to Local Rule 26, this motion arises from a discovery dispute. Thus, in an abundance of caution, Defendants sought to confer with Plaintiffs regarding the amount to be awarded and include this certification herein.