UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SÁNCHEZ-SIFONTE, ET AL.,
Plaintiffs,

v.

FONSECA, ET AL.,
Defendants,

Civil No. 22-1444 (RAM)

## DECLARATION OF RICARDO F. CASELLAS SANCHEZ

I, Ricardo F. Casellas Sanchez, hereby declare and state as follows:

1. I am a founding partner of the law firm of Casellas Alcover & Burgos, P.S.C. and local counsel for Defendants in this matter. My firm bio is attached as Exhibit A.

2. I have been a member of the State Bar of Puerto Rico since 1985. In addition to being licensed to practice in Puerto Rico, I also am admitted into the Supreme Court of Puerto Rico, the United States Court of Appeals for the First and Eleventh Circuits, and the U.S. Supreme Court.

3. In 1982, I earned my undergraduate degree from Washington and Lee University. In 1985, I graduated from Boston University School of Law.

4. The focus of my practice has been commercial litigation, ADR, and corporate counseling involving First Amendment defense, product liability, lender's liability, distribution, franchising and trade regulation issues.

5. Natalia Morales Echeverria is a partner assigned to this matter. Ms. Morales has been a member of the State Bar of Puerto Rico since 2007. Ms. Morales earned her undergraduate degree from the University of Puerto Rico in 2003. In 2007, Ms. Morales graduated from the University of Puerto Rico Law School. Ms. Morales concentrates her practice on complex commercial and civil litigation, insurance claims, contract law, corporate law, shareholder

1

disputes, and property title disputes, First Amendment defense, and Distribution and Franchising issues.

6. The firm was retained to represent Telemundo of Puerto Rico LLC ("TPR"), Telemundo Network Group LLC ("TNG"), and NBCUniversal Media, LLC ("NBC") (together, "Defendants") as local counsel in connection with this matter in September 2022. The law firm Shullman Fugate PLLC, and its Florida-based lawyers, serve as lead counsel. Though Florida law governs the claims and Florida defamation law is not our expertise, our firm was retained as local counsel due to our expertise in litigating defamation claims in Puerto Rico and Puerto Rico court procedure and local rules. Defendants paid hourly rates for the work performed. The rates charged to Defendants for this matter are below our firm's standard hourly rate. My hourly rate for this matter is $360, and Ms. Morales' hourly rate is $337.50. I am familiar with the rates charged by other lawyers in this area who perform this type of litigation work, and these rates are consistent with, and even lower than, those charged by lawyers of comparable experience and skill. Defendants seek reimbursement at these rates.

7. The hours Defendants incurred in bringing the Motion to Compel due to Plaintiffs' response deficiencies (Docket No. 191) (the "Motion"), the subsequent pleadings, and the preparation of the multiple hearings in connection with the Motion are fully described in Composite **Exhibit B**[1]. The hours described in the exhibits are incorporated by reference within this declaration and represent an accurate accounting of time expended and billed to Defendants in assisting counsel at Shullman Fugate in connection with the proceedings related to Defendants'

---

[1] The redacted time entries pertain to matters other than the Motion or matters for which Defendants are not otherwise seeking reimbursement. The initials "RFC" refers to local counsel partner Ricardo Casellas. The initials "NME" refers to local counsel partner Natalia Morales Echeverria.

failure to respond to written discovery and the motion to compel proceedings that arose therefrom. Several matters concerning the description of the work merit discussion:

- The entries of time incurred, dates and tasks have been taken from time records which the lawyers involved personally made contemporaneous with events, and I supervised the record keeping.

- I have utilized sound "billing judgment" in seeking payment for time consistent with the billing procedures that I routinely utilize. I exercise this billing judgment in three ways. First, as a partner, I am authorized to not enter time for work I personally perform. Second, as the billing partner, I am authorized to reduce the bill by cutting (and thereby erasing) any timekeeper's time before billing. In such instances, the time incurred does not appear on our bills. Third, as the billing partner, I am authorized to discount the bill by reducing any individual time entry by a percentage established by me based on the circumstances of the time entry under review. In such cases, the bill will reflect a line-item discount for each time entry that I have reduced (rather than eliminated). In this case, I exercised billing judgment to reduce or eliminate time billed to the client.

8.    I have served as lead local counsel on this matter, with Ms. Morales as the partner assigned to the case. From April 2025 through the present, my firm has spent a total of 37.95 hours assisting Shullman Fugate in connection with the Motion. I have spent a total of 7.5 hours of my time. Ms. Morales has spent a total of 30.45 hours of her time. The division of labor is, in my experience, consistent with that of the more junior lawyer handling most of the local counsel labor and my overseeing her and the matter when necessary.

9.    The total fees owed by Defendants to this firm in connection with bringing forth the Motion, subsequent pleadings, and the preparation for multiple hearings are $12,976.89.

3

Defendants have paid the total fees in full to date. However, Defendants have reduced the fees incurred by almost 50% and are only seeking to recover their fees for 20.3 hours of work for a total of $6,975. This is a voluntary reduction below the time actually paid by Defendants for these matters and is taken to avoid even any suggestion that there is an appearance of duplicative or unnecessary billing. *See* Exh. B.

10.     As a result, the total lodestar amount of fees sought by my firm is **$6,975**. The following chart reflects an hourly breakdown of the fees for which Defendants are seeking reimbursement:

| Initials | Hours Billed[2] | Amount |
|---|---|---|
| RFC | 5.5 | $1,980.00 |
| NME | 14.8 | $4,995.00 |
|  | **Total: 20.3** | **Total: $6,975.00** |

11.     Defendants are further obliged to compensate this firm at the rates described herein in connection with this declaration and its accompanying motion as well as in connection with the ongoing proceedings related to the Motion, with which Plaintiffs have failed to comply as of the date of this declaration.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Dated: May 7, 2026.

Ricardo F. Casellas Sanchez, Esq.

---

[2] This column represents the hours for which Defendants seek reimbursement after good-faith reductions.

4