IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELIAS SÁNCHEZ-SIFONTE et al.,

**Plaintiffs,**

v.

JOSUE FONSECA, et al.

**Defendants.**

CIVIL NO. 22-1444 (RAM)

MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendants Telemundo of Puerto Rico, LLC ("TPR"), Telemundo Network Group, LLC ("TNG"), NBC Universal Media, LLC ("NBC"), Josué Fonseca a/k/a Jay Fonseca ("Fonseca"), Jagual Media LLC ("JML"), TM Television, Inc. ("TMI"), and Antonio G. Mojena (collectively, "Defendants")'s unopposed *Motion to Strike*. (Docket No. 268).

On account of Plaintiff Elías Sánchez-Sifonte ("Sánchez") and his wife Valerie Rodríguez-Erazo ("Rodríguez") (collectively, "Plaintiffs")'s inability to excuse their lack of disclosure of expert reports and failure to timely oppose this motion, the Court **GRANTS** the *Motion to Strike* at Docket No. 268.

## I.    BACKGROUND

In this long-running defamation, slander, and libel action, Plaintiffs sued Defendants, claiming damages allegedly arising out

of a series of broadcasts in Fonseca's "Jay y sus Rayos X" show. (Docket No. 130). Plaintiffs sought, in addition to compensatory and punitive damages, "consequential damages in the amount of damage to Sanchez's and Rodriguez's respective business and property in a sum certain according to proof and not less than THIRTY MILLION DOLLARS ($30,000,000.00)." Id. at 69. On March 23, 2026, the Court issued an *Opinion and Order* dismissing with prejudice the economic damage claims on account of Plaintiffs' noncompliance with prior unambiguous Court orders. (Docket No. 260).

On April 22, 2026, Defendants filed a *Motion to Strike*. (Docket No. 268). The *Motion to Strike* argues that Plaintiffs entirely failed to comply with the Court-mandated March 27, 2026 deadline to provide expert disclosures and reports as required by Fed. R. Civ. P. 26(a)(2). Id. Defendants highlight that expert reports were due on that date once the Court adopted the parties' joint *Proposed Case Management Schedule*. *See* (Docket Nos. 187-88). Defendants seek preclusion of Plaintiffs' four purported experts: Héctor Carrasquillo and Jorge Aquino, who were disclosed as loss-of-income experts; Edelmiro Lebrón Jiménez, a certified public accountant whose expected testimony was allegedly never described and who was allegedly never disclosed; and Carlos Alemañy, a social media analytics expert. (Docket No. 268). In other words, Defendants contend that none of the four expected expert reports

had been provided by the date of their filing. Id. Plaintiffs did not deign to file a response by the applicable deadline, which expired on May 6, 2026. Id.

## II.  DISCUSSION

Fed. R. Civ. P. 26(a)(2)(D) states that a party is required to offer "its expert disclosures at the time and in the sequence that the court orders." The Rules also require disclosure to "be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case..." Fed. R. Civ. P. 26(a)(2)(B). Fed. R. Civ. P. 37(c) serves as an "enforcement mechanism" for the above. This District has stated that, pursuant to Fed. R. Civ. P. 37(c), "when a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, hearing, or at a trial, unless the failure was substantially justified or is harmless." Vargas-Alicea v. Cont'l Cas. Co., 2019 WL 1453070, at *5 (D.P.R. 2019). It is the party facing sanctions who has "the burden of proving substantial justification or harmlessness to get a penalty less severe than evidence preclusion." Eldridge v. Gordon Bros. Grp., L.L.C., 863 F.3d 66, 85 (1st Cir. 2017). "Where a district court does opt in favor of preclusion, [the First Circuit reviews] that decision with reference to a host of factors, including: (1) the history of the

litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket." Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009).

Moreover, under the Local Rules in this District, Plaintiffs' failure to timely oppose Defendants' *Motion to Strike* permits the Court to deem the *Motion to Strike* unopposed and to consider all objections to it waived. *See* L. CV. R. 7(b).

In the case at bar, Plaintiffs have not even attempted to justify their failure to furnish reports for the four experts they have variably mentioned. Defendants allege that not a single expert report has been provided, and Plaintiffs failed to file a motion to oppose Defendants' *Motion to Strike* or to otherwise rebut this allegation. Plaintiffs' history of repeatedly not complying with Court-mandated deadlines in this litigation; failure to demonstrate a need for the precluded expert evidence, especially given the dismissal of consequential damage claims on account of Plaintiffs' noncompliance with prior unambiguous Court orders, (Docket No. 260); lack of justification for missing the deadline; and the evident prejudice to Defendants and disruption of the

Court's longstanding scheduling order weigh heavily in favor of preclusion. *See* <u>Esposito</u>, 590 F.3d at 78.

Plaintiffs' silence is dispositive as well. They do not request an extension, cure their failure to disclose, or attempt to show that no prejudice has occurred to Defendants. Accordingly, preclusion under Fed. R. Civ. P. 37 is duly warranted.

### III. CONCLUSION

On account of Plaintiffs' inability to excuse their lack of disclosure of expert reports and failure to timely oppose this motion, the Court **GRANTS** the *Motion to Strike* at Docket No. 268. Plaintiffs are precluded from offering expert testimony or reports from Héctor Carrasquillo, Jorge Aquino, Edelmiro Lebrón Jiménez, Carlos Alemañy, or any other expert not timely and properly disclosed pursuant to Rule 26(a)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of May 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE