IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELIAS SÁNCHEZ-SIFONTE et al.,

**Plaintiffs,**

v.

JOSUE FONSECA, et al.

**Defendants.**

CIVIL NO. 22-1444 (RAM)

<u>OPINION AND ORDER</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff Elías Sánchez-Sifonte ("Sánchez") and his wife Valerie Rodríguez-Erazo's ("Rodríguez") (collectively, "Plaintiffs") *Motion for Reconsideration*. (Docket No. 311). Having considered all of Plaintiffs' arguments as they relate to the applicable Fed. R. Civ. P. 59(e) standard, the Court: affirms its dismissal of this case **on procedural grounds**; **DENIES** the *Motion for Reconsideration*; and **GRANTS** Plaintiffs' subsequent *Motion for Leave to File Excess Pages* and *Motion for Leave to File Spanish Language Document*. (Docket No. 312 and Docket No. 313, respectively). Plaintiffs must file the certified translations by **June 23, 2026.**

## I.    LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. Consequently, a motion

which asks "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005); *see also* United States v. Pérez-Greaux, 382 F. Supp.3d 177, 178 (D.P.R. 2019). A Rule 59(e) motion is an extraordinary remedy and may be granted only if the party moving for reconsideration identifies a manifest error of law, newly discovered evidence, or any other circumstance such as a change in controlling law to warrant granting its motion for reconsideration. *See* United States v. Peña-Fernández, 394 F. Supp. 3d 205, 207 (D.P.R. 2019) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)).

According to the First Circuit, reconsideration is "an extraordinary remedy which should be used sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Indeed "[w]hen the motion **simply regurgitates contentions that were previously made and rejected, the movant has no legal basis to insist upon reconsideration.**" Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009); *see also* Santa Cruz-Bacardi v. Metro Pavia Hospital, Inc., 2019 WL 4453620, at *2 (D.P.R. 2019) (internal quotation omitted) (emphasis added). Further, such a motion may not be brought by a losing party to "raise legal theories that should have been raised earlier." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of Puerto

Rico, 2018 WL 9412924, at *6 (D.P.R. 2018) (citation omitted).

Hence, a reconsideration does "not provide a vehicle for a party

to undo its own procedural failures." Peña-Fernández, 2019 WL

3716472, at *2 (internal quotation omitted).

## II.  DISCUSSION

In the First Circuit, "disregard of court orders qualifies as

extreme behavior[.]" Malot v. Dorado Beach Cottages Assocs., 478

F.3d 40, 43-44 (1st Cir. 2007); see also Torres-Vargas v. Pereira,

431 F.3d 389, 393 (1st Cir. 2005) (internal citations omitted)

("[i]t is settled law that a party flouts a court order at his

peril"). Fed. R. Civ. P. 37(b)(2)(A)(v) provides that "dismissing

the action or proceeding in whole or in part" can be an appropriate

sanction for not obeying a discovery order.

The First Circuit has instructed its District Courts to

consider the following "non-exclusive list of substantive factors"

when evaluating whether to impose sanctions: "the severity of the

violation, the legitimacy of the party's excuse, repetition of

violations, the deliberateness vel non of the misconduct,

mitigating excuses, prejudice to the other side and to the

operations of the court, and the adequacy of lesser sanctions."

Id. (quoting Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st

Cir. 2006)). "Using dismissal as a sanction in such a case

recognizes the court's strong interest in maintaining discipline

and husbanding scarce judicial resources; after all, such a

sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example." Torres-Vargas, 431 F.3d at 393.

Unfortunately for Plaintiffs, their arguments are not in the same universe as the applicable Fed. R. Civ. P. 59(e) standard. Plaintiffs have not identified a manifest error of law, newly discovered evidence, or any other circumstance such as a change in controlling law to warrant granting their request for reconsideration. *See* Peña-Fernández, 394 F. Supp. 3d at 207 (quoting Biltcliffe, 772 F.3d at 930); *see also* Fed. R. Civ. P. 54(b), 59(e). Instead, the *Motion for Reconsideration* fixates on equitable considerations that do not sufficiently grapple with the Fed. R. Civ. P. 59(e) standard. Latching on to the "any other circumstance" phrasing in the First Circuit case law on reconsideration, *see* Peña-Fernández, 394 F. Supp. 3d at 207, Plaintiffs complain that the "ultimate sanction of dismissal with prejudice is . . . disproportionately harsh and will result in manifest injustice," that it "occurred at the precise moment new lead counsel entered their appearances on May 13, 2026," that they had begun to take corrective action, and that they are now committed to compliance in the future. (Docket No. 311 at 2, 3). However, the appearance of new counsel, which is Plaintiffs' strongest hook in their equitable arguments, does not erase prior noncompliance or create new notice obligations for the Court. The

case belongs to the parties, not their counsel. Moreover, the First Circuit "has consistently turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client." Malloy v. WM Specialty Mortg. LLC, 512 F.3d 23, 27 (1st Cir. 2008) (internal quotations omitted).

Plaintiffs' framing of the Court's warnings in May 2026 as a "rapid succession of sanctions within two weeks" misses the mark and mischaracterizes the Court's copious and painstaking attempts to indicate to Plaintiffs that they were flirting with the ultimate sanction. (Docket No. 311 at 2). The Court has outlined these instances of notice[1] in several prior orders. A quick recap follows. On March 3, 2026, the Court warned that "[t]here has been enough dilly dallying" and that failure to serve the signed tax return request forms would "result in dismissal of the claims for economic damages." (Docket No. 251). On May 1, 2026, that dismissal was effectuated because Plaintiffs did not comply with the Court's instructions. (Docket No. 279). On the same day, the Court ordered Plaintiffs to pay attorneys' fees "considering Plaintiffs' pattern of noncompliance and failure to heed explicit Court-imposed deadlines." (Docket No. 280). On May 6, 2026, the Court warned

---

[1] In fact, the First Circuit does not even require the provision of notice. Vallejo, 607 F.3d at 9 ("although notice is not required before imposing dismissal as a sanction, counsel's disregard of a prior warning from the court exacerbates the offense, and the lack of warning sometimes mitigates it") (citation modified).

Plaintiffs that their conduct placed them "perilously close to the ultimate sanction." (Docket No. 283 at 8).

"Repetition of violations" is one of the factors district courts consider in ascertaining the appropriate sanction. Malot, 478 F.3d at 44. Here, the repetition factor weighed strongly in favor of dismissal. Plaintiffs' noncompliance recurred across numerous discovery disputes. For instance: the tax forms dispute that resulted in the dismissal of economic damages claims, (Docket Nos. 251, 260, 279); the discovery noncompliance identified in the R & R and the Court's adoption of it, (Docket Nos. 254, 259); alleged continued noncompliance vis-à-vis the R & R and Plaintiffs' inability to demonstrate obedience of court orders, (Docket Nos. 267, 269, 282); the interrogatories dispute for which certain defendants claimed lack of compliance, (Docket Nos. 283, 301); and the failure to timely disclose experts that led to preclusion. (Docket No. 289).

The rest of the *Motion for Reconsideration* adds little of relevance. Plaintiffs devote much energy to asserting that their underlying claims have merit and that Co-Defendant Josué Fonseca a/k/a Jay Fonseca's post-judgment public statements have recently misrepresented this Court's dismissal of the case as a victory for him on the merits. (Docket Nos. 311 at 13-16, 311-3, 311-4). A claim that the Court reached a determination on the merits is wrong, and Plaintiffs are correct in recognizing that this Court's

Civil No. 22-1444 (RAM)                                                          7

dismissal rested on procedural grounds as opposed to a conclusive determination that Mr. Fonseca's merits arguments defeated Plaintiffs' defamation claims. However, none of these facts supply a Fed. R. Civ. P. 59(e) basis to reconsider the Court's prior judgment. Neither a party's belief in the merit of its underlying claim nor another party's cathartic but inaccurate victory lap in the public square constitute a manifest error of law, newly discovered evidence, or a change in the controlling law.

### III. CONCLUSION

For the foregoing reasons, the Court affirms its prior dismissal of this case on procedural grounds. The Court **DENIES** the *Motion for Reconsideration* at Docket No. 311. Moreover, the Court **GRANTS** Plaintiffs' subsequent *Motion for Leave to File Excess Pages* and *Motion for Leave to File Spanish Language Document*. (Docket No. 312 and Docket No. 313, respectively). Plaintiffs must file the certified translations by **June 23, 2026.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of June 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE