**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ELIAS SÁNCHEZ-SIFONTE et al.,

       **Plaintiffs,**

         v.               **CIVIL NO. 22-1444 (RAM)**

JOSUE FONSECA, et al.

       **Defendants.**

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendants Telemundo of Puerto Rico, LLC ("TPR"), Telemundo Network Group, LLC ("TNG"), and NBC Universal Media, LLC ("NBC") (collectively, "Defendants")'s *Motion to Set Amount of Attorneys' Fees* ("*Motion*"). (Docket No. 285). Plaintiffs Elías Sánchez-Sifonte ("Sánchez") and Valerie Rodríguez-Erazo's ("Rodríguez") (collectively, "Plaintiffs") have filed a *Motion in Opposition*, and Defendants have filed a *Reply*. (Docket Nos. 304, 316). Defendants' *Motion* is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs are hereby ordered to pay Defendants **$40,623.95** in attorneys' fees and costs. The Court will address Defendants' *Verified Bill of Attorneys' Fees* at Docket No. 290 separately.

## I.    PROCEDURAL BACKGROUND

In this now-terminated defamation, slander, and libel action, Plaintiffs sued Josué Fonseca a/k/a Jay Fonseca, Jagual Media LLC, NBC Universal Media LLC, Telemundo Network Group, LLC, Telemundo Puerto Rico, LLC, Antonio G. Mojena, TMTV, and others, claiming damages allegedly arising out of a series of broadcasts in Fonseca's "Jay y sus Rayos X" show. (Docket No. 130). Plaintiffs sought, in addition to compensatory and punitive damages, "consequential damages in the amount of damage to Sanchez's and Rodriguez's respective business and property in a sum certain according to proof and not less than THIRTY MILLION DOLLARS ($30,000,000.00)." Id. at 69. On March 23, 2026, the Court issued an Opinion and Order dismissing with prejudice the consequential damage claims on account of Plaintiffs' noncompliance with prior unambiguous Court orders. (Docket No. 260). On May 19, 2026, the Court dismissed the rest of the claims with prejudice due to continued discovery noncompliance, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and the Court's inherent authority to manage its docket. (Docket No. 302).

On March 6, 2026, Magistrate Judge Héctor L. Ramos-Vega issued a Report and Recommendation ("R & R") recommending that Defendants' earlier Motion to Compel, (Docket No. 191), be granted in part, denied in part, and deemed moot in part. (Docket No. 254). On March 23, 2026, the Court adopted the R & R with one small alteration.

(Docket No. 259 at 3). The adoption of the R & R included an order compelling Plaintiffs to pay Defendants' expenses associated with filing the motion to compel. Id.

On May 8, 2026, Defendants filed the present *Motion to Set Amount of Attorneys' Fees* ("*Motion*"). (Docket No. 285). Therein, they request a total of $62,020.70. Id. at 1. Defendants assert that "[g]iven the complexity of this multi-million dollar defamation action brought under Florida law, the number of parties, and the breadth of the publications and statements at issue, the rates of $337.50 - $450/hour" requested for the various partners and associates working on the case are reasonable. Id. at 5. They similarly aver that the hours expended on the matter are reasonable because of their repeated attempts to obtain compliance from Plaintiffs and the subsequent and extensive motions practice. Id. at 5-6. Defendants' counsel attach their bills as exhibits. (Docket Nos. 287-2, 288-2, 288-3).

On May 22, 2026, Plaintiffs filed their *Motion in Opposition*. (Docket No. 304). Therein, Plaintiffs argue that the amounts requested by Defendants are excessively high and must be reduced; they similarly request a substantial downward adjustment because of extensive redactions, "pervasive duplicative work," "numerous entries reflect[ing] clerical or ministerial tasks billed at attorney rates," and internal inconsistency. Id. at 1-2, 6. Plaintiffs attach tables allegedly illustrating this duplicative

billing, misallocation of clerical tasks, and insufficiently explained entries. Id. at 7-13. Lastly, Plaintiffs' "most significant" argument posits that specialized expertise is not necessary for the case at bar and local rates ought to apply. Id. at 13-14. For the value of these rates, Plaintiffs propose that senior partners be permitted to claim up to $300/hour, associates be permitted to claim up to $200/hour, and paralegals be permitted to claim up to $100/hour. Id. at 14.

On June 8, 2026, Defendants filed a *Reply*. (Docket No. 316). They retort that the redacted entries are irrelevant since they are not seeking reimbursement for them. Id. at 3-4. Next, Defendants argue that "[t]he claims and defenses in this action were governed by Florida defamation law in an action initially filed in Florida, making the retention of Florida attorneys with expertise in that body of law not only appropriate, but also necessary." Id. at 4. Consequently, Defendants conclude that "[b]ecause the retention of Florida counsel was appropriate, South Florida market rates provide the proper frame of reference for assessing reasonableness." Id. at 6. Moreover, Defendants claim that the hours expended were reasonable on account of Plaintiffs' own conduct and failure to comply with their discovery obligations. Id. at 7-9. Defendants rebut Plaintiffs' contention that the bills contain duplicative entries, reasoning that they instead reflect ordinary and necessary collaboration among lead counsel,

Civil No. 22-1444 (RAM)                                                    5

associates, and local counsel, including local counsel's obligations under the Local Rules. Id. at 9-12. Finally, Defendants dispute that the entries challenged by Plaintiffs reflect clerical or vague work, arguing that they implicate substantive attorney tasks such as analyzing discovery deficiencies, cite-checking, selecting exhibits, and preparing filings. Id. at 12-13.

## II.  APPLICABLE LAW

The lodestar method is the predominant method of calculating reasonable attorney's fees. *See*, *e.g.*, Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010) (lodestar is the "guiding light" for fee-shifting jurisprudence) (citation omitted); Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001); Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) (lodestar is the "starting point" when calculating fees); Skytec, Inc. v. Logistic Sys., Inc., Civil No. 15-2104, 2019 WL 2246775, at *1 (D.P.R. 2019) ("The First Circuit applies the lodestar method to calculate attorney's fees.") (citations omitted).

The lodestar method requires two steps. First, a court must determine "the number of hours reasonably expended." Pérez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022) (citations omitted). Second, the court should "identify a reasonable hourly rate or rates." Id. (citation omitted). Multiplying the reasonable number of hours by the reasonable rate results in a lodestar, or a presumptively reasonable fee award. *See* Lipsett, 975 F.2d at 937

Civil No. 22-1444 (RAM)                                                      6

(citation omitted). The Court may then make upward or downward adjustments to account for special circumstances. *See* Pérez-Sosa, 22 F.4th at 321 (citations omitted). Throughout this calculation, the task of a district court "is to do rough justice, not to achieve auditing perfection." Id. at 322 (citation omitted). Courts "may take into account their overall sense of a suit[] and may use estimates in calculating and allocating an attorney's time." Id. (citation omitted).

### A. Hours

To determine the number of hours reasonably expended by the attorneys seeking payment, a court excludes or discounts "those hours that are 'excessive, redundant, or otherwise unnecessary'" from the actual amount of hours spent on the litigation. Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. et al. v. Ray Haluch Gravel Co. et al., 745 F.3d 1, 5 (1st Cir. 2014) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)); *see also* Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984) (hours that are "duplicative, unproductive, excessive, or otherwise unnecessary" should be discounted) (citations omitted). To maximize fee recovery, attorneys should "submit a full and precise accounting of their time, including specific information about number of hours, dates, and the nature of the work performed." Deary v. City of Gloucester, 9 F.3d 191,

197-98 (1st Cir. 1993) (citing Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir. 1986)).

Time records that are "too generic" and "insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like" should be discounted or disallowed by a district court. Pérez-Sosa, 22 F.4th at 330 (quoting Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008)). Time entries that involve block-billing, or the use of a single block of time to bill multiple discrete tasks, may also be discounted. *See* Bd. of Trs. v. ILA Loc. 1740, AFL-CIO, Civ. No. 18-1598, 2022 WL 4591843, at *5 (D.P.R. 2022) (reducing block-billed entries by 35 percent). The First Circuit has held that hours categorized with vague titles such as "Meeting with Client" or "Telephone Conference [with] Client" may be discounted under this standard. *See* Pérez-Sosa, 22 F.4th at 329. While duplicative entries should be discounted, "time spent by two attorneys on the same general task" is not automatically duplicative because "careful preparation often requires collaboration and rehearsal" between parties and their attorneys. Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 860 (1st Cir. 1998).

### B. Hourly rates

"[T]he reasonable hourly rate in any given case 'will vary depending on the nature of the work, the locality in which it is

performed, the qualifications of the lawyers, and other criteria.'" Pérez-Sosa, 22 F.4th at 325 (citation omitted). The appropriate rate is usually "that prevailing in the community for similar work" done by "lawyers of like qualifications, experience, and competence." Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983) (citation omitted); Pérez-Sosa, 22 F.4th at 321 (citation omitted). "Most often, there is not a single reasonable rate for legal services but, rather, a range of reasonable rates." Id. at 326 (citation omitted).

To determine reasonable rates in this case, the Court considers the parties' motions and summaries of their attorneys' professional skills and accomplishments, as well as recent examples of fee awards from other cases in this District and the First Circuit. The Court is guided by its own understanding of prevailing rates in Puerto Rico and its knowledge of this particular case. See Pérez-Sosa, 22 F.4th at 326-27, n.5 (citations omitted).

In the District of Puerto Rico, an approximate range of typical rates for **highly experienced attorneys** is **$250-300** and for **associates** is **$150-200**. See Skytec, Inc., 2019 WL 1271459, at *5 (D.P.R. 2019), *amended on reconsideration*, 2019 WL 2246775 (citations omitted); ILA Loc. 1740, AFL-CIO, 2022 WL 4591843, at *3 (citation omitted); Arelene Ocasio v. Comisión Estatal de Elecciones, 2023 WL 8889653, at *3 n.5 (D.P.R. 2023) (citations

omitted). However, courts sometimes award fees at higher rates; in particular, rates of **$320-350** for **highly experienced attorneys** and **$275 for more senior associates** have been approved in the recent past, including by this Court. *See*, *e.g.*, Rivera-Molina v. Casa La Roca, LLC, Civ. No. 21-1004, 2022 WL 897145, at *1 (D.P.R. 2022) (hourly rate of $350 is appropriate); Carrero, 2024 WL 3042748, at *6 (awarding an hourly rate of $350 to law firm partners with two decades of experience); Garcia-Colon, Civ. No. 21-1211 (Docket No. 414 at 11) (hourly rate of $320 for out-of-court time is appropriate for highly experienced attorneys); Puerto Rico Soccer League NFP, Corp. v. Federacion Puertorriquena de Futbol, 2025 WL 2709484, at *5 (D.P.R. 2025) (awarding an hourly rate of $350 to an experienced partner and an hourly rate of $275 to a senior associate). Time billed by paralegals may generally be reimbursed at market rates. *See* In re San Juan Dupont Plata Hotel Fire Litig., 111 F.3d 220, 231 n.10 (1st Cir. 1997). An appropriate rate for **paralegals** ranges from **$50-100**. *See* Conair Corp. v. Next G. Corp., Civ. No. 20-1093, 2024 WL 3152710, at *3 (D.P.R. 2024) (collecting cases and setting the market rate for paralegals between $50-100).

## III. DISCUSSION

The lodestar method has two steps. First, the judge determines "the number of hours reasonably expended." Pérez-Sosa, 22 F.4th at 321 (citations omitted). Second, the judge "identif[ies] a

Civil No. 22-1444 (RAM)                                          10

reasonable hourly rate or rates." Id. (citation omitted). The Court proceeds in that order.

### A. Reasonable hours expended

All in all, Defendants seek reimbursement for "a total of 149.9 hours" spent by their attorneys on the relevant *Motion to Compel*. (Docket No. 285 at 5-6). Plaintiffs object to these hours on several grounds, including redactions, duplication, clerical work, vagueness, and internal inconsistency. (Docket No. 304). The Court addresses each in turn.

*i.    Redactions*

The Court notes Plaintiffs' argument based on the notion that the invoices are so heavily redacted that they preclude consideration. Id. at 12-13. Defendants point out that the redacted entries are not included in the amount sought and that they seek reimbursement only for unredacted time entries related to the *Motion to Compel* and subsequent pleadings. (Docket No. 316 at 3-4). As a threshold matter, the Court finds that because Defendants are not seeking fees for the redacted portions of their invoices, the redactions do not prevent the Court from assessing the reasonableness of the other amounts requested.

*ii.   Duplicative and excessive entries*

While duplicative entries should be discounted, "time spent by two attorneys on the same general task" is not automatically duplicative because "careful preparation often requires

collaboration and rehearsal" between parties and their attorneys. Rodriguez-Hernandez, 132 F.3d at 860. As to duplication, Plaintiffs do not offer much other than references to the precise billing practice the First Circuit has permitted. *Compare* id. ("time spent by two attorneys on the same general task" is not necessarily duplicative); *with* (Docket No. 304 at 8) ("both DKS and YXE billed time to review the same discovery responses and identify deficiencies"). Plaintiffs' objections largely identify instances in which multiple attorneys reviewed, revised, or conferred regarding the same discovery-related filings. That is not, by itself, unreasonable. The same is true of Plaintiffs' local counsel-related objections: Defendants' local counsel was required to appear in this matter, sign filings, and satisfy the obligations imposed by the Local Rules and the Federal Rules of Civil Procedure.

Similarly, many of Plaintiffs' related objections characterizing billing entries as "excessive" are not well-supported. Id. at 7-10. The Court finds that it is not facially unreasonable for an associate to spend some time composing a number of emails in a complex discovery dispute or for a partner to thoroughly review an associate's memo. Id.

Nevertheless, after reviewing the invoices submitted by Defendants, the Court concludes that some of the hours for which Defendants seek fees are excessive, involve block-billing, or are

Civil No. 22-1444 (RAM)                                                12

too generic or vague for the Court to assess whether the time billed was appropriate. The Court will reduce the following entries by **30 percent**. *See* ILA Loc. 1740, AFL-CIO, 2022 WL 4591843, at *5 (35 percent reduction in hours is acceptable for block-billed entries); Garcia-Colon v. Corp. of the State Ins. Fund, Civ. No. 21-1211 (Docket No. 414 at 11) (D.P.R. 2024) (20 to 30 percent reduction in hours is acceptable for vague or block-billed entries); Pérez-Sosa, 22 F.4th at 329 (discounting vague time entries by 30 percent); Carrero v. Molina Healthcare of P.R., Inc., Civ. No. 21-1605, 2024 WL 3042748, at *5 (D.P.R. 2024) (30 percent reduction is appropriate for overly vague hours); Puerto Rico Soccer League, 2025 WL 2709484 (reducing entries involving block-billing, vagueness, and lack of specificity by 30 percent). The problematic time entries are listed below:

| Attorney: | Date: | Task Description: | Time: |
|---|---|---|---|
| Yelan Escalona | 11/17/2025 | Prepared chart of deficiencies in RFP responses by Rodriguez and Sanchez; begin drafting filing regarding remaining discovery deficiencies | 3.8 |
| | 11/18/2025 | Continue preparing chart of deficiencies in Plaintiffs' responses to Defendants' interrogatories (6 sets); continue preparing filing regarding outstanding discovery | 5.10 |
| | 11/19/2025 | Review second amended responses to interrogatories served by Plaintiffs (x5) (1.3); revise chart of deficiencies and filing regarding outstanding discovery issues to reflect | 4.2 |

Civil No. 22-1444 (RAM)                                          13

| | | | |
|---|---|---|---|
| | | deficiencies in second amended responses (2.9) | |
| | **Total:** | | 13.1 |
| Giselle Girones | 01/27/2026 | Review and revise informative motion regarding the outstanding deficiencies in Plaintiffs' responses (3.9). Review amended responses and revised exhibit 2 chart concerning amended responses as well as remaining deficiency in same (2.8). Research case law regarding waived privileges objection and inability to elect to be deposed vs. answer interrogatories for inclusion in chart and motion (0.7) | 7.4 |
| | **Total:** | | 7.4 |

*iii. Clerical entries*

Plaintiffs also object that several entries reflect clerical tasks billed at attorney rates. (Docket No. 304 at 11). The Court agrees only in part. In general, drafting correspondence with opposing parties and reviewing documents before an upcoming hearing are tasks that typically involve legal judgment and are usually completed by attorneys. However, after reviewing the invoices submitted by Defendants, the Court concludes that some of the hours for which Defendants seek fees involve secretarial tasks that ought to be reimbursed at a lower rate, comparable to what paralegals are afforded in this District. The Court will reduce the following entries by **50 percent.** The problematic time entries are listed below:

Civil No. 22-1444 (RAM)                                                14

| Attorney: | Date: | Task Description: | Time: |
|---|---|---|---|
| Yelan Escalona | 06/05/2025 | Compile all exhibits to motion to compel (0.5); confer with A. Lovelady regarding redactions to exhibits (0.3); prepare and revise proposed redactions (0.6). | 1.4 |
| | 07/07/2025 | Cite check and compile all exhibits to reply ISO motion to compel | 0.7 |
| | 07/07/2025 | Review redactions to exhibits to reply ISO motion to compel | 0.3 |
| | | **Total:** | 2.4 |
| Elizabeth Bastidas | 01/28/2026 | Compiled Plaintiffs' deficient responses to discovery requests for purposes of attaching same as exhibit to informative motion. | 0.2 |
| | | **Total:** | 0.2 |

*iv.  Internally inconsistent entries*

Plaintiffs challenge several entries as vague or internally inconsistent. (Docket No. 304 at 12-13). As to vagueness, the Court finds that Defendants have provided sufficient explanation as to which motions and orders were referenced in these entries. The Court will not require Defendants to have precisely described them in the original bill when their meaning is clear from context.

However, Defendants have acknowledged that two entries dated October 2, 2025 and October 3, 2025 ought to have both been listed as 0.3 hours expended on the compensable task rather than 0.4. (Docket No. 316 at 3 n.1). As a result, the Court will reduce the following entries by **25 percent**. The problematic time entries are listed below:

| Attorney: | Date: | Task Description: | Time: |
|---|---|---|---|
| Deanna K. Shullman | 10/02/2025 | Review court order regarding conferral on motion to compel (.1); confer with opposing counsel regarding same (.3); REDACTED | 0.4 |
| | 10/03/2025 | Prepared a joint motion regarding outstanding motion to compel (.3) | 0.4 |
| **Total:** | | | 0.8 |

*v.    Cumulative deductions*

Pursuant to the above, the Court deducts the following time: (1) from **Yelan Escalona,** a total of 5.13 hours; (2) from **Giselle Girones,** a total of 2.22 hours; (3) from **Elizabeth Bastidas,** a total of 0.1 hours; and (4) from **Deanna K. Shullman,** a total of 0.2 hours. The Court reiterates that its task here "is to do rough justice, not to achieve auditing perfection." *See* Pérez-Sosa, 22 F.4th at 322. The following chart shows the total number of hours approved for each attorney following the Court's adjustments:

| Attorney name: | Number of hours after adjustments: |
|---|---|
| Deanna K. Shullman | 41.80 |
| Giselle Girones | 25.58 |
| Yelan Escalona | 46.17 |
| Elizabeth Bastidas | 8.40 |
| Ricardo F. Casellas Sanchez | 5.50 |
| Natalia Morales Echeverria | 14.80 |

**B. Reasonable hourly rate**

In the case at bar, Defendants aver that "[g]iven the complexity of this multi-million dollar defamation action brought under Florida law, the number of parties, and the breadth of the

Civil No. 22-1444 (RAM)                                                16

publications and statements at issue, the rates of $337.50 - $450/hour" requested for the various partners and associates working on the case are reasonable. (Docket No. 285 at 5). The Court largely disagrees.

The Court is unpersuaded that South Florida rates should be applied wholesale. While Florida law applied to the substantive defamation claims at issue, Defendants have not provided a compelling analysis of why the Florida defamation, slander, and libel regimes require specialized expertise or why the work at issue for the relevant *Motion to Compel* could not have been completed by local counsel with comparable qualifications. The billing entries presented by Defendants primarily reflect the work of reviewing discovery responses, identifying deficiencies, conferring with opposing counsel, preparing discovery-related motions, and appearing at discovery hearings before this Court. Courts have reduced rates where the attorneys' fees concerned discrete and nonspecialized discovery work rather than the nuances of complex merits issues. *See, e.g.*, Saalfrank v. Town of Alton, 2010 WL 839884, at *11 (D.N.H. 2010) ("While some of these decisions awarded fees at a slightly higher rate, the court notes that those awards covered the entirety of the prevailing attorneys' work on the case, rather than on a discrete and relatively minor part of a litigation, such as the work here in opposing the motion to compel."); Warder v. Shaw Grp., Inc., 2016 WL 3447950, at *5

(E.D. La. 2016) (rejecting a complexity-based argument for higher fees because "the scope of this motion involves fees for a motion to compel and a motion for attorneys' fees, not fees for the suit in its entirety."). The Court credits Defendants' argument that the discovery process demands some familiarity with the applicable Florida frameworks. However, from the record before the Court, it is not apparent that Florida defamation law requires an expertise so specialized that it calls for the out-of-jurisdiction rates requested. As a default, the appropriate rate is usually "that prevailing in the community for similar work" done by "lawyers of like qualifications, experience, and competence." Maceira, 698 F.2d at 40 (citation omitted); Pérez-Sosa, 22 F.4th at 321 (citation omitted).

In this case, Defendants' attorneys all have substantial civil litigation experience and come from well-respected Floridian and Puerto Rican law firms. In light of the capabilities and experience of Defendants' counsel and the convoluted discovery posture of the case at bar, the Court finds that reasonable rates for the legal work performed by Defendants' counsel reach the higher end of the legal rates typically charged in this District. Taking all of this into consideration, as well as each individual attorney's specific qualifications described in Defendants' motions and available online, the Court concludes that the following rates are reasonable and appropriate in this case.

First, Deanna K. Shullman ("Ms. Shullman") is a founding partner at Shullman Fugate PLLC ("Shullman Fugate") representing Defendants. (Docket No. 288). Ms. Shullman has more than two decades of experience and served as lead counsel for Defendants in this matter. Id.; *see also* (Docket No. 285 at 4). The Court recognizes Ms. Shullman's substantial experience in Florida and lead role in this litigation. The Court sets her hourly rate at **$350**.

Second, Giselle Girones ("Ms. Girones") is a partner at Shullman Fugate representing Defendants. (Docket No. 288). Ms. Girones has a decade of experience, specializes partly in media content law, and was "primarily responsible for implementing the plan in connection with discovery in this case." Id.; *see also* (Docket No. 285 at 4). The Court recognizes Ms. Girones' lead role in this litigation. The Court sets her hourly rate at **$325**.

Third, Yelan Escalona ("Ms. Escalona") is an associate at Shullman Fugate representing Defendants. (Docket No. 288). Defendants state that Ms. Escalona has between three and five years of experience. (Docket No. 285 at 4-5). Defendants further describe Ms. Escalona as the lead associate on the file and state that she prepared detailed deficiency letters, drafted discovery-related briefs, prepared informative motions, and created a chart outlining discovery-response deficiencies. Id. at 7. The Court sets her hourly rate at **$175**.

Fourth, Elizabeth Bastidas ("Ms. Bastidas") is an associate at Shullman Fugate representing Defendants. (Docket No. 288). She appears to have roughly three years of experience. Id. at 4. The Court sets her hourly rate at **$175**.

Fifth, Ricardo F. Casellas Sanchez ("Mr. Casellas") is a founding partner at Casellas Alcover & Burgos, P.S.C. representing Defendants as local counsel. (Docket No. 287). He has several decades of experience, as he has been a member of the State Bar of Puerto Rico since 1985. Id. at 1. He avers that the focus of his practice has been commercial litigation. Id. The Court recognizes Mr. Casellas' substantial experience in Puerto Rico and his role in the instant matter as local counsel. The Court sets his hourly rate at **$350**.

Sixth, Natalia Morales Echeverria ("Ms. Morales") is a partner at Casellas Alcover & Burgos, P.S.C. representing Defendants as local counsel. Id. at 1. She has nearly two decades of experience, as she has been a member of the State Bar of Puerto Rico since 2007. Id. The Court recognizes Ms. Morales' substantial experience in Puerto Rico and her role in the instant matter as local counsel. The Court approves her requested hourly rate of **$337.50**.

Having determined a reasonable number of hours expended and reasonable hourly rates, the initial lodestar amount is as follows:

Civil No. 22-1444 (RAM)                                                    20

| Timekeeper: | Position/Firm: | Hours: | Hourly Rate: | Fee: |
|---|---|---|---|---|
| Deanna K. Shullman | Partner, Shullman Fugate | 41.80 | $350 | $14,630.00 |
| Giselle Girones | Partner, Shullman Fugate | 25.58 | $325 | $8,313.50 |
| Yelan Escalona | Associate, Shullman Fugate | 46.17 | $175 | $8,079.75 |
| Elizabeth Bastidas | Associate, Shullman Fugate | 8.40 | $175 | $1,470.00 |
| Ricardo F. Casellas Sanchez | Partner, Casellas Alcover & Burgos, P.S.C. | 5.50 | $350 | $1,925.00 |
| Natalia Morales Echeverria | Partner, Casellas Alcover & Burgos, P.S.C. | 14.80 | $337.50 | $4,995.00 |

The above yields a total attorneys' fee award of $39,413.25.

## C. Adjusting the lodestar amount

An initial lodestar calculation may be adjusted upwards or downwards based on additional circumstances at play. *See* Pérez-Sosa, 22 F.4th at 321 (citations omitted). The Court sees no reason to apply an adjustment in the case at bar.

## D. Expenses

Defendants seek $1,210.70 in expenses associated with the discovery proceedings. (Docket Nos. 285 at 1, 288 at 7). Plaintiffs do not oppose this request in the briefing submitted to this Court. The Court finds the expenses reasonable and therefore approves $1,210.70 in expenses.

Civil No. 22-1444 (RAM)                                                    21

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' *Motion* at Docket No. 285. Accordingly, Plaintiffs are hereby ordered to pay Defendants **$39,413.25** in attorneys' fees and **$1,210.70** in costs. Hence, the total award is of **$40,623.95.** Defendants' request for attorneys' fees in their *Verified Bill of Attorneys' Fees* at Docket No. 290 will be addressed separately.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of June 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE