IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELIAS SÁNCHEZ-SIFONTE et al.,

**Plaintiffs,**

v.

JOSUE FONSECA, et al.

**Defendants.**

CIVIL NO. 22-1444 (RAM)

OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the *Motion for Attorney Fees* ("*Motion*") filed by Defendants Antonio G. Mojena and TM Television Inc. ("TMTV") (collectively, "Defendants"). (Docket No. 299). Plaintiffs Elías Sánchez-Sifonte ("Sánchez") and Valerie Rodríguez-Erazo ("Rodríguez") (collectively, "Plaintiffs") have filed a *Response*, and Defendants have filed a *Reply*. (Docket Nos. 310, 318). Defendants' *Motion* is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs are hereby ordered to pay Defendants **$7,937.50** in attorneys' fees.

## I.   PROCEDURAL BACKGROUND

In this now-terminated defamation, slander, and libel action, Plaintiffs sued Josué Fonseca a/k/a Jay Fonseca, Jagual Media LLC, NBC Universal Media LLC, Telemundo Network Group, LLC, Telemundo Puerto Rico, LLC, Antonio G. Mojena, TMTV, and others, claiming

damages allegedly arising out of a series of broadcasts in Fonseca's "Jay y sus Rayos X" show. (Docket No. 130). Plaintiffs sought, in addition to compensatory and punitive damages, "consequential damages in the amount of damage to Sanchez's and Rodriguez's respective business and property in a sum certain according to proof and not less than THIRTY MILLION DOLLARS ($30,000,000.00)." Id. at 69. On March 23, 2026, the Court issued an Opinion and Order dismissing with prejudice the consequential damage claims on account of Plaintiffs' noncompliance with prior unambiguous Court orders. (Docket No. 260). On May 19, 2026, the Court dismissed the rest of the claims with prejudice due to continued discovery noncompliance, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and the Court's inherent authority to manage its docket. (Docket No. 302).

On May 6, 2026, the Court issued an Opinion and Order granting in part the *Motion to Compel* at Docket No. 255. (Docket No. 283). Therein, the Court made clear that "[m]onetary sanctions are warranted in the case at bar" and awarded Defendants "reasonable expenses incurred in the dispute over Plaintiffs' responses to interrogatories resolved herein." Id. at 6, 8.

On May 18, 2026, Defendants filed the *Motion for Attorney Fees* pending before the Court. (Docket No. 299). Therein, their counsel Roberto Sueiro declares that "[f]or more almost [sic] four decades, [his] practice has concentrated on copyright,

constitutional and defamation law, complex commercial litigation, intellectual property litigation, entertainment litigation, and trademark disputes, antitrust litigation, music industry litigation, royalty and accounting disputes, insurance litigation, federal court litigation, and matters involving complex commercial and statutory claims." Id. at 2. Counsel avers that he "was retained in connection with the above-captioned litigation to represent Tony Mojena Television Inc. and Antonio Mojena concerning claims and disputes arising under federal law and related proceedings" and serves as lead counsel. Id. at 3. Counsel states that his hourly rate is $250/hour, which he believes to be reasonable and in fact under the prevailing market rates for an attorney of his caliber. Id. at 4. Having spent "a total of 35.20 hours in connection with the matters for which reimbursement is sought," counsel contends that Defendants' "total lodestar amount is $8,800.00." Id. at 4-5.

On June 1, 2026, Plaintiffs filed a *Response* in which they accuse Defendants of including numerous vague and generic entries and of excessive billing. (Docket No. 310 at 3-4). Plaintiffs include a chart illustrating such entries. Id. at 4-5.

Lastly, on June 15, 2026, Defendants filed their *Reply*. (Docket No. 318). In it, they contend that their billing records are sufficiently detailed under First Circuit standards because the entries identify the relevant dates, tasks, docket numbers,

Civil No. 22-1444 (RAM)                                                    4

filings, orders, and litigation purposes. Id. at 3. Defendants maintain that reviewing docket notifications and court orders is compensable and nonclerical legal work. Id. at 4-7. Defendants argue that the 35.20 hours requested are modest given the complicated discovery posture, that the challenged email and telephone conference entries are compensable, and that Plaintiffs fail to provide a coherent alternative lodestar, percentage reduction, or task-by-task calculation supported by market evidence. Id. at 7-8. Defendants conclude by suggesting that the Court should "at most, make limited adjustments that preserve the substantial majority of the fee." Id. at 8.

## II.  APPLICABLE LAW

The lodestar method is the predominant method of calculating reasonable attorney's fees. See, e.g., Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010) (lodestar is the "guiding light" for fee-shifting jurisprudence) (citation omitted); Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001); Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) (lodestar is the "starting point" when calculating fees); Skytec, Inc. v. Logistic Sys., Inc., Civil No. 15-2104, 2019 WL 2246775, at *1 (D.P.R. 2019) ("The First Circuit applies the lodestar method to calculate attorney's fees.") (citations omitted).

The lodestar method requires two steps. First, a court must determine "the number of hours reasonably expended." Pérez-Sosa v.

Garland, 22 F.4th 312, 321 (1st Cir. 2022) (citations omitted).

Second, the court should "identify a reasonable hourly rate or

rates." Id. (citation omitted). Multiplying the reasonable number

of hours by the reasonable rate results in a lodestar, or a

presumptively reasonable fee award. See Lipsett, 975 F.2d at 937

(citation omitted). The Court may then make upward or downward

adjustments to account for special circumstances. See Pérez-Sosa,

22 F.4th at 321 (citations omitted). Throughout this calculation,

the task of a district court "is to do rough justice, not to

achieve auditing perfection." Id. at 322 (citation omitted).

Courts "may take into account their overall sense of a suit[] and

may use estimates in calculating and allocating an attorney's

time." Id. (citation omitted).

### A. Hours

To determine the number of hours reasonably expended by the

attorneys seeking payment, a court excludes or discounts "those

hours that are 'excessive, redundant, or otherwise unnecessary'"

from the actual amount of hours spent on the litigation. Cent.

Pension Fund of the Int'l Union of Operating Eng'rs & Participating

Emps. et al. v. Ray Haluch Gravel Co. et al., 745 F.3d 1, 5 (1st

Cir. 2014) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434

(1983)); see also Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950

(1st Cir. 1984) (hours that are "duplicative, unproductive,

excessive, or otherwise unnecessary" should be discounted)

Civil No. 22-1444 (RAM)                                                    6

(citations omitted). To maximize fee recovery, attorneys should "submit a full and precise accounting of their time, including specific information about number of hours, dates, and the nature of the work performed." Deary v. City of Gloucester, 9 F.3d 191, 197-98 (1st Cir. 1993) (citing Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir. 1986)).

Time records that are "too generic" and "insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like" should be discounted or disallowed by a district court. Pérez-Sosa, 22 F.4th at 330 (quoting Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008)). Time entries that involve block-billing, or the use of a single block of time to bill multiple discrete tasks, may also be discounted. See Bd. of Trs. v. ILA Loc. 1740, AFL-CIO, Civ. No. 18-1598, 2022 WL 4591843, at *5 (D.P.R. 2022) (reducing block-billed entries by 35 percent). The First Circuit has held that hours categorized with vague titles such as "Meeting with Client" or "Telephone Conference [with] Client" may be discounted under this standard. See Pérez-Sosa, 22 F.4th at 329. While duplicative entries should be discounted, "time spent by two attorneys on the same general task" is not automatically duplicative because "careful preparation often requires collaboration and rehearsal" between parties and their attorneys.

Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 860 (1st Cir. 1998).

## B. Hourly rates

"[T]he reasonable hourly rate in any given case 'will vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria.'" Pérez-Sosa, 22 F.4th at 325 (citation omitted). The appropriate rate is usually "that prevailing in the community for similar work" done by "lawyers of like qualifications, experience, and competence." Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983) (citation omitted); Pérez-Sosa, 22 F.4th at 321 (citation omitted). "Most often, there is not a single reasonable rate for legal services but, rather, a range of reasonable rates." Id. at 326 (citation omitted).

To determine reasonable rates in this case, the Court considers the parties' motions and summaries of their attorneys' professional skills and accomplishments, as well as recent examples of fee awards from other cases in this District and the First Circuit. The Court is guided by its own understanding of prevailing rates in Puerto Rico and its knowledge of this particular case. See Pérez-Sosa, 22 F.4th at 326-27, n.5 (citations omitted).

In the District of Puerto Rico, an approximate range of typical rates for **highly experienced attorneys** is **$250-300** and for

Civil No. 22-1444 (RAM)                                                    8

associates is $150-200. *See* Skytec, Inc., 2019 WL 1271459, at *5 (D.P.R. 2019), *amended on reconsideration*, 2019 WL 2246775 (citations omitted); ILA Loc. 1740, AFL-CIO, 2022 WL 4591843, at *3 (citation omitted); Arelene Ocasio v. Comisión Estatal de Elecciones, 2023 WL 8889653, at *3 n.5 (D.P.R. 2023) (citations omitted). However, courts sometimes award fees at higher rates; in particular, rates of $320-350 for highly experienced attorneys and $275 for more senior associates have been approved in the recent past, including by this Court. *See*, *e.g.*, Rivera-Molina v. Casa La Roca, LLC, Civ. No. 21-1004, 2022 WL 897145, at *1 (D.P.R. 2022) (hourly rate of $350 is appropriate); Carrero, 2024 WL 3042748, at *6 (awarding an hourly rate of $350 to law firm partners with two decades of experience); Garcia-Colon, Civ. No. 21-1211 (Docket No. 414 at 11) (hourly rate of $320 for out-of-court time is appropriate for highly experienced attorneys); Puerto Rico Soccer League NFP, Corp. v. Federacion Puertorriquena de Futbol, 2025 WL 2709484, at *5 (D.P.R. 2025) (awarding an hourly rate of $350 to an experienced partner and an hourly rate of $275 to a senior associate). Time billed by paralegals may generally be reimbursed at market rates. *See* In re San Juan Dupont Plata Hotel Fire Litig., 111 F.3d 220, 231 n.10 (1st Cir. 1997). An appropriate rate for paralegals ranges from $50-100. *See* Conair Corp. v. Next G. Corp., Civ. No. 20-1093, 2024 WL 3152710, at *3 (D.P.R. 2024) (collecting cases and setting the market rate for paralegals between $50-100).

## III. DISCUSSION

The lodestar method has two steps. First, the judge determines "the number of hours reasonably expended." Pérez-Sosa, 22 F.4th at 321 (citations omitted). Second, the judge "identif[ies] a reasonable hourly rate or rates." Id. (citation omitted). The Court proceeds in that order.

### A. Reasonable hours expended

All in all, Defendants seek reimbursement for "a total of 35.20 hours"; the "total lodestar amount [requested] is $8,800.00." (Docket No. 299 at 4-5). Plaintiffs object to these hours on several grounds. (Docket No. 310). The Court addresses each in turn.

Many of Plaintiffs' objections characterizing billing entries as "excessive" or "duplicative" are not well-supported. Id. at 5. The Court finds that it is not facially unreasonable for an attorney to take time to review and analyze court orders, revise his own planned responses, prepare drafts, or confer over the telephone with his client.

Nevertheless, after reviewing the invoices submitted by Defendants, the Court concludes that some of the hours for which Defendants seek fees are excessive or are too generic or vague for the Court to assess whether the time billed was appropriate. The Court will reduce the following entries by **30 percent**. *See* Pérez-Sosa, 22 F.4th at 329 (discounting vague time entries by 30

Civil No. 22-1444 (RAM)                                                    10

percent); Carrero v. Molina Healthcare of P.R., Inc., Civ. No. 21-
1605, 2024 WL 3042748, at *5 (D.P.R. 2024) (30 percent reduction
is appropriate for overly vague hours); Puerto Rico Soccer League,
2025 WL 2709484 (reducing entries involving vagueness and lack of
specificity by 30 percent). The problematic time entries are listed
below:

| Attorney: | Date: | Task Description: | Time: |
|---|---|---|---|
| Roberto Sueiro | March 4, 2026 | Email to Plaintiffs Attorney Re: Request answer to Interrogatories and Produce of Documents | 1.50 |
|  | March 23, 2026 | Revise Co-counsel legal research | 2.50 |
|  | March 31, 2026 | Revise Response to Motion file by Plaintiffs, analysis and comparision, legal research oath requirements | 3.50 |
|  | April 6, 2026 | Revise and amended draft Reply in Support of Motion to Compel and Request for Sanctions | 2.00 |
|  | April 7, 2026 | Revise final draft Reply in Support of Motion to Compel and Request for Sanctions | 2.00 |
| **Total:** | | | 11.50 |

Pursuant to the above, the Court deducts a total of 3.45
hours. The Court reiterates that its task here "is to do rough
justice, not to achieve auditing perfection." See Pérez-Sosa, 22
F.4th at 322. The following chart shows the total number of hours
approved following the Court's adjustments:

Civil No. 22-1444 (RAM)                                            11

| Attorney name: | Number of hours after adjustments: |
|---|---|
| Roberto Sueiro | 31.75 |

## B. Reasonable hourly rate

As a default, the appropriate rate is usually "that prevailing in the community for similar work" done by "lawyers of like qualifications, experience, and competence." Maceira, 698 F.2d at 40 (citation omitted); Pérez-Sosa, 22 F.4th at 321 (citation omitted).

Taking the complexity of the discovery posture in this case into consideration, as well as the attorney's specific qualifications described in Defendants' motions and available online, the Court concludes that the following rate is reasonable and appropriate in this case.

Roberto Sueiro ("Mr. Sueiro") is the principal attorney of Sueiro Law Offices and avers that he has been admitted to practice law in Puerto Rico since 1988. (Docket No. 299 at 1). Mr. Sueiro avers that he "was retained in connection with the above-captioned litigation to represent Tony Mojena Television Inc. and Antonio Mojena concerning claims and disputes arising under federal law and related proceedings" and serves as lead counsel. Id. at 3. Mr. Sueiro states that his hourly rate is $250/hour, which he believes to be reasonable and in fact under the prevailing market rates for an attorney of his caliber. Id. at 4. The Court recognizes Mr.

Civil No. 22-1444 (RAM)                                                    12

Sueiro's substantial experience and lead role in this litigation. The Court accepts his requested hourly rate of **$250.**

Having determined a reasonable number of hours expended and reasonable hourly rates, the initial lodestar amount is as follows:

| Timekeeper: | Hours: | Hourly Rate: | Fee: |
|---|---|---|---|
| Roberto Sueiro | 31.75 | $250 | $7,937.50 |

## C. Adjusting the lodestar amount

An initial lodestar calculation may be adjusted upwards or downwards based on additional circumstances at play. *See* Pérez-Sosa, 22 F.4th at 321 (citations omitted). The Court sees no reason to apply an adjustment in the case at bar.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' *Motion* at Docket No. 299. Accordingly, Plaintiffs are hereby ordered to pay Defendants **$7,937.50** in attorneys' fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of June 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE