**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ELIAS SÁNCHEZ-SIFONTE et al., | |
| **Plaintiffs,** | |
| v. | **CIVIL NO. 22-1444 (RAM)** |
| JOSUE FONSECA, et al. | |
| **Defendants.** | |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the *Verified Bill of Attorneys' Fees* filed by Defendants Telemundo of Puerto Rico, LLC ("TPR"), Telemundo Network Group, LLC ("TNG"), and NBC Universal Media, LLC ("NBC") (collectively, "Defendants"). (Docket No. 290). Plaintiffs Elías Sánchez-Sifonte ("Sánchez") and Valerie Rodríguez-Erazo ("Rodríguez") (collectively, "Plaintiffs") have filed a *Response* and Defendants have filed a *Reply*. (Docket Nos. 305, 316). Defendants' requested amount in their *Verified Bill of Attorneys' Fees* is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs are hereby ordered to pay Defendants **$6,360.00** in attorneys' fees. Plaintiffs' attorneys are warned not to make further factual misrepresentations in filings before the Court.

Civil No. 22-1444 (RAM)                                                      2

## I.   PROCEDURAL BACKGROUND

In this now-terminated defamation, slander, and libel action, Plaintiffs sued Josué Fonseca a/k/a Jay Fonseca, Jagual Media LLC, NBC Universal Media LLC, Telemundo Network Group, LLC, Telemundo Puerto Rico, LLC, Antonio G. Mojena, TMTV, and others, claiming damages allegedly arising out of a series of broadcasts in Fonseca's "Jay y sus Rayos X" show. (Docket No. 130). Plaintiffs sought, in addition to compensatory and punitive damages, "consequential damages in the amount of damage to Sanchez's and Rodriguez's respective business and property in a sum certain according to proof and not less than THIRTY MILLION DOLLARS ($30,000,000.00)." Id. at 69. On March 23, 2026, the Court issued an Opinion and Order dismissing with prejudice the consequential damage claims on account of Plaintiffs' noncompliance with prior unambiguous Court orders. (Docket No. 260). On May 19, 2026, the Court dismissed the rest of the claims with prejudice due to continued discovery noncompliance, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and the Court's inherent authority to manage its docket. (Docket No. 302).

In dismissing with prejudice the consequential damage claims on account of Plaintiffs' noncompliance with prior unambiguous Court orders, the Court also ordered Plaintiffs to show cause as to why they should not pay Defendants' reasonable expenses from Defendants' moving to compel production. (Docket No. 260). On May

1, 2026, the Court awarded Defendants reasonable expenses. (Docket No. 280). The Court reasoned that "[g]enerally, courts must impose attorney's fees and expenses when compelling discovery unless the party resisting discovery was substantially justified in doing so" under Fed. R. Civ. P. 37(a)(5)(A). Id. Considering Plaintiffs' pattern of noncompliance and failure to heed explicit Court-imposed deadlines, the Court ruled that Plaintiffs had not demonstrated that their actions were "substantially justified" and asked Defendants to file a bill containing their reasonable fees. Id.

On May 13, 2026, Defendants filed the instant *Verified Bill of Attorneys' Fees*. (Docket No. 290). Therein, they claim $10,890 in attorney's fees and attach invoices demonstrating the hours billed in the relevant matter by attorneys Deanna Shullman, Giselle Girones, and Yelan Escalona. Id. at 2-3; (Docket No. 290-1).

On May 27, 2026, Plaintiffs filed their *Response* to the above. (Docket No. 305). Plaintiffs complain that the hours requested by Defendants' counsel are plainly excessive given the prevailing local rates, that the extensive redactions render the fee petition unreviewable, that the entries include examples of clerical tasks being billed at attorney rates, and that the number of hours billed for some tasks are excessive. Id. at 5-10.

On June 8, 2026, Defendants filed a *Reply*. (Docket No. 316). They retort that the redacted entries are irrelevant since they

are not seeking reimbursement for them. Id. at 3-4. Next, Defendants argue that "[t]he claims and defenses in this action were governed by Florida defamation law in an action initially filed in Florida, making the retention of Florida attorneys with expertise in that body of law not only appropriate, but also necessary." Id. at 4. Consequently, Defendants conclude that "[b]ecause the retention of Florida counsel was appropriate, South Florida market rates provide the proper frame of reference for assessing reasonableness." Id. at 6. Moreover, Defendants claim that the hours expended were reasonable on account of Plaintiffs' own conduct and failure to comply with their discovery obligations. Id. at 7-9. Defendants rebut Plaintiffs' contention that the bills contain duplicative entries, reasoning that they instead reflect ordinary and necessary collaboration among lead counsel, associates, and local counsel, including local counsel's obligations under the Local Rules. Id. at 9-12. Finally, Defendants dispute that the entries challenged by Plaintiffs reflect clerical or vague work, arguing that they implicate substantive attorney tasks such as analyzing discovery deficiencies, cite-checking, selecting exhibits, and preparing filings. Id. at 12-13. Defendants also assert in related filings that "[g]iven the complexity of this multi-million dollar defamation action brought under Florida law, the number of parties, and the breadth of the publications and statements at issue, the rates of $337.50 -

$450/hour" requested for the various partners and associates working on the case are reasonable. (Docket No. 285 at 5).

## II.  APPLICABLE LAW

The lodestar method is the predominant method of calculating reasonable attorney's fees. *See*, *e.g.*, Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010) (lodestar is the "guiding light" for fee-shifting jurisprudence) (citation omitted); Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001); Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) (lodestar is the "starting point" when calculating fees); Skytec, Inc. v. Logistic Sys., Inc., Civil No. 15-2104, 2019 WL 2246775, at *1 (D.P.R. 2019) ("The First Circuit applies the lodestar method to calculate attorney's fees.") (citations omitted).

The lodestar method requires two steps. First, a court must determine "the number of hours reasonably expended." Pérez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022) (citations omitted). Second, the court should "identify a reasonable hourly rate or rates." Id. (citation omitted). Multiplying the reasonable number of hours by the reasonable rate results in a lodestar, or a presumptively reasonable fee award. *See* Lipsett, 975 F.2d at 937 (citation omitted). The Court may then make upward or downward adjustments to account for special circumstances. *See* Pérez-Sosa, 22 F.4th at 321 (citations omitted). Throughout this calculation, the task of a district court "is to do rough justice, not to

achieve auditing perfection." Id. at 322 (citation omitted).
Courts "may take into account their overall sense of a suit[] and
may use estimates in calculating and allocating an attorney's
time." Id. (citation omitted).

## A. Hours

To determine the number of hours reasonably expended by the
attorneys seeking payment, a court excludes or discounts "those
hours that are 'excessive, redundant, or otherwise unnecessary'"
from the actual amount of hours spent on the litigation. Cent.
Pension Fund of the Int'l Union of Operating Eng'rs & Participating
Emps. et al. v. Ray Haluch Gravel Co. et al., 745 F.3d 1, 5 (1st
Cir. 2014) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434
(1983)); see also Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950
(1st Cir. 1984) (hours that are "duplicative, unproductive,
excessive, or otherwise unnecessary" should be discounted)
(citations omitted). To maximize fee recovery, attorneys should
"submit a full and precise accounting of their time, including
specific information about number of hours, dates, and the nature
of the work performed." Deary v. City of Gloucester, 9 F.3d 191,
197-98 (1st Cir. 1993) (citing Calhoun v. Acme Cleveland Corp.,
801 F.2d 558, 560 (1st Cir. 1986)).

Time records that are "too generic" and "insufficient as a
practical matter to permit a court to answer questions about
excessiveness, redundancy, and the like" should be discounted or

disallowed by a district court. Pérez-Sosa, 22 F.4th at 330 (quoting Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008)). Time entries that involve block-billing, or the use of a single block of time to bill multiple discrete tasks, may also be discounted. *See* Bd. of Trs. v. ILA Loc. 1740, AFL-CIO, Civ. No. 18-1598, 2022 WL 4591843, at *5 (D.P.R. 2022) (reducing block-billed entries by 35 percent). The First Circuit has held that hours categorized with vague titles such as "Meeting with Client" or "Telephone Conference [with] Client" may be discounted under this standard. *See* Pérez-Sosa, 22 F.4th at 329. While duplicative entries should be discounted, "time spent by two attorneys on the same general task" is not automatically duplicative because "careful preparation often requires collaboration and rehearsal" between parties and their attorneys. Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 860 (1st Cir. 1998).

## B. Hourly rates

"[T]he reasonable hourly rate in any given case 'will vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria.'" Pérez-Sosa, 22 F.4th at 325 (citation omitted). The appropriate rate is usually "that prevailing in the community for similar work" done by "lawyers of like qualifications, experience, and competence." Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983)

(citation omitted); Pérez-Sosa, 22 F.4th at 321 (citation omitted). "Most often, there is not a single reasonable rate for legal services but, rather, a range of reasonable rates." Id. at 326 (citation omitted).

To determine reasonable rates in this case, the Court considers the parties' motions and summaries of their attorneys' professional skills and accomplishments, as well as recent examples of fee awards from other cases in this District and the First Circuit. The Court is guided by its own understanding of prevailing rates in Puerto Rico and its knowledge of this particular case. *See* Pérez-Sosa, 22 F.4th at 326-27 n.5 (citations omitted).

In the District of Puerto Rico, an approximate range of typical rates for **highly experienced attorneys** is **$250-300** and for **associates** is **$150-200**. *See* Skytec, Inc., 2019 WL 1271459, at *5 (D.P.R. 2019), *amended on reconsideration*, 2019 WL 2246775 (citations omitted); ILA Loc. 1740, AFL-CIO, 2022 WL 4591843, at *3 (citation omitted); Arelene Ocasio v. Comisión Estatal de Elecciones, 2023 WL 8889653, at *3 n.5 (D.P.R. 2023) (citations omitted). However, courts sometimes award fees at higher rates; in particular, rates of **$320-350** for **highly experienced attorneys** and **$275 for more senior associates** have been approved in the recent past, including by this Court. *See*, *e.g.*, Rivera-Molina v. Casa La Roca, LLC, Civ. No. 21-1004, 2022 WL 897145, at *1 (D.P.R. 2022)

(hourly rate of $350 is appropriate); Carrero v. Molina Healthcare of P.R., Inc., 2024 WL 3042748, at *6 (D.P.R. 2024) (awarding an hourly rate of $350 to law firm partners with two decades of experience); Garcia-Colon, Civ. No. 21-1211 (Docket No. 414 at 11) (hourly rate of $320 for out-of-court time is appropriate for highly experienced attorneys); Puerto Rico Soccer League NFP, Corp. v. Federacion Puertorriquena de Futbol, 2025 WL 2709484, at *5 (D.P.R. 2025) (awarding an hourly rate of $350 to an experienced partner and an hourly rate of $275 to a senior associate). Time billed by paralegals may generally be reimbursed at market rates. *See* In re San Juan Dupont Plata Hotel Fire Litig., 111 F.3d 220, 231 n.10 (1st Cir. 1997). An appropriate rate for **paralegals** ranges from **$50-100**. *See* Conair Corp. v. Next G. Corp., Civ. No. 20-1093, 2024 WL 3152710, at *3 (D.P.R. 2024) (collecting cases and setting the market rate for paralegals between $50-100).

### III. DISCUSSION

The lodestar method has two steps. First, the judge determines "the number of hours reasonably expended." Pérez-Sosa, 22 F.4th at 321 (citations omitted). Second, the judge "identif[ies] a reasonable hourly rate or rates." Id. (citation omitted). The Court proceeds in that order.

#### A. Reasonable hours expended

All in all, Defendants seek reimbursement for a total of 26.90 hours; their total lodestar amount requested is $10,890.00.

Civil No. 22-1444 (RAM)                                                    10

(Docket No. 290 at 2-3). Plaintiffs object to these hours on several grounds, including redactions, duplication, and clerical work. (Docket No. 305). The Court addresses each in turn.

   i.   *Redactions*

   The Court notes Plaintiffs' argument based on the notion that the invoices are so heavily redacted that they preclude consideration. Id. at 12-13. Defendants point out that the redacted entries are not included in the amount sought and that they seek reimbursement only for unredacted time entries. (Docket No. 316 at 3-4). As a threshold matter and as explained in its Opinion and Order at Docket No. 320, the Court finds that because Defendants are not seeking fees for the redacted portions of their invoices, the redactions do not prevent the Court from assessing the reasonableness of the other amounts requested.

   ii.  *Duplicative and excessive entries*

   While duplicative entries should be discounted, "time spent by two attorneys on the same general task" is not automatically duplicative because "careful preparation often requires collaboration and rehearsal" between parties and their attorneys. Rodriguez-Hernandez, 132 F.3d at 860. As to duplication, Plaintiffs do not offer much other than references to the precise billing practice the First Circuit has permitted. *Compare* id. ("time spent by two attorneys on the same general task" is not necessarily duplicative); *with* (Docket No. 305 at 9) ("beginning

on March 11, 2026, YXE billed for initiating the drafting of the second notice of noncompliance, a document whose factual predicate had already been fully identified and memorialized by GMG in the preceding correspondence entries. A notice of noncompliance of this nature does not require simultaneous involvement of both a partner and an associate"). Plaintiffs' objections largely identify instances in which multiple attorneys reviewed, revised, or conferred regarding the same discovery-related filings. That is not, by itself, unreasonable.

Similarly, many of Plaintiffs' related objections characterizing billing entries as "excessive" are not well-supported. (Docket No. 305 at 7-8). The Court finds that it is not facially unreasonable for an associate to spend some time reviewing court orders in a complex and confusing discovery dispute or for a partner to thoroughly review that associate's drafted motions. Id.

Lastly, after reviewing the invoices submitted by Defendants, the Court concludes that Plaintiffs' arguments that some entries are allegedly excessive are disingenuous. Plaintiffs seem to imply that attorneys Giselle Girones and Yelan Escalona block-billed on occasion. (Docket No. 305 at 7-8). The Court has credited such arguments before. *See* ILA Loc. 1740, AFL-CIO, 2022 WL 4591843, at *5 (35 percent reduction in hours is acceptable for block-billed entries); Garcia-Colon v. Corp. of the State Ins. Fund, Civ. No.

Civil No. 22-1444 (RAM)                                                      12

21-1211 (Docket No. 414 at 11) (D.P.R. 2024) (20 to 30 percent reduction in hours is acceptable for vague or block-billed entries); Pérez-Sosa, 22 F.4th at 329 (discounting vague time entries by 30 percent); Carrero, 2024 WL 3042748, at *5 (30 percent reduction is appropriate for overly vague hours); Puerto Rico Soccer League, 2025 WL 2709484 (reducing entries involving block-billing, vagueness, and lack of specificity by 30 percent); (Docket No. 320) (reducing entries involving block-billing, vagueness, and lack of specificity by 30 percent). However, in the instant case, Plaintiffs have simply excluded from their briefing the more discrete timekeeping evident in Defendants' invoices. For instance, compare the incomplete task descriptions from Plaintiffs' briefing with the actual invoices below:

| Attorney: | Date: | Plaintiffs' Briefing's Task Description: | Time: |
|---|---|---|---|
| Yelan Escalona | 04/08/2026 | Review procedural rules cited in Plaintiffs' show cause/reconsideration filing to confirm standard of review; continue research and review of cases where dismissal sanction was imposed or affirmed; review case docket and draft background section outlining pattern of noncompliance; conduct research regarding standard for granting expenses and fees based on violation of court order; continue drafting remaining portions of response to Plaintiffs' show cause/reconsideration filing. | 6.30 |

| | 04/10/2026[1] | Continue research on standard for reconsideration and draft section regarding same; further research regarding cases cited by Plaintiffs and draft section distinguishing key cases; make additional revisions to draft | 2.40 |
|---|---|---|---|
| | | **Total:** | 8.70 |
| Giselle Girones | 01/30/2026 | Review and revise informative motion to include additional IRS tax forms; Locate relevant IRS tax forms and PR tax forms and complete copies of same for exhibit 3; Email communication to R. Casellas and L. Guerrero regarding motion; Phone call with C. Beralt regarding preparation of PR tax forms for inclusion in exhibit; Complete authorization form for PR tax forms to include in exhibit | 3.30 |
| | | **Total:** | 3.30 |

(Docket No. 305 at 7-8).

| Attorney: | Date: | Defendants' Invoices' Task Description: | Time: |
|---|---|---|---|
| Yelan Escalona | 04/08/2026 | Review procedural rules cited in Plaintiffs' show cause/reconsideration filing to confirm standard of review (0.5); continue research and review of cases where dismissal sanction was imposed or affirmed (1.3); review case docket and draft background section outlining pattern of noncompliance (1.1); conduct research regarding standard for granting expenses and fees based on violation of court order (0.7); continue drafting remaining portions of response | 6.30 |

---

[1] Plaintiffs also record the wrong date here. *See* (Docket No. 290-1 at 13).

Civil No. 22-1444 (RAM)                                                  14

| | | to Plaintiffs' show cause/reconsideration filing (2.7). | |
|---|---|---|---|
| | 04/09/2026 | Continue research on standard for reconsideration and draft section regarding same (1.2); further research regarding cases cited by Plaintiffs and draft section distinguishing key cases (0.9); make additional revisions to draft (0.3). | 2.40 |
| | | **Total:** | 8.70 |
| Giselle Girones | 01/30/2026 | Review and revise informative motion to include additional information re taxes (0.4); Locate relevant IRS tax forms and PR tax forms and complete copies of same for exhibit 3 (1.9); Email communication to R. Casellas and L. Guerrero regarding motion (0.2); Phone call with C. Beralt regarding preparation of PR tax forms for inclusion in exhibit (0.5); Complete authorization form for PR tax forms to include in exhibit (0.3). | 3.30 |
| | | **Total:** | 3.30 |

(Docket No. 290-1).

The Court will not reward this manipulation. Plaintiffs' counsel are warned not to attempt to make factual misrepresentations of this sort before the Court again.

*iii. Clerical entries*

Plaintiffs object that two of Defendants' entries reflect clerical tasks billed at attorney rates. (Docket No. 305 at 7-8). The Court disagrees. In general, drafting correspondence with opposing parties and reviewing previously produced documents are

tasks that typically involve legal judgment and are usually completed by attorneys.

   *iv.  Cumulative deductions*

   Pursuant to the above, the Court does not deduct any time. The following chart shows the total number of hours approved for each attorney:

| Attorney name: | Number of hours after adjustments: |
|---|---|
| Deanna K. Shullman | 1.90 (unchanged) |
| Giselle Girones | 8.80 (unchanged) |
| Yelan Escalona | 16.20 (unchanged) |

**B. Reasonable hourly rate**

   In related filings, Defendants aver that "[g]iven the complexity of this multi-million dollar defamation action brought under Florida law, the number of parties, and the breadth of the publications and statements at issue, the rates of $337.50 - $450/hour" requested for the various partners and associates working on the case are reasonable. (Docket No. 285 at 5). The Court largely disagrees and has explained why in its Opinion and Order at Docket No. 320--which it incorporates by reference here. As a reminder, the Court has set the following hourly rates: Giselle Girones at **$325**; Yelan Escalona at **$175**; and Deanna K. Shullman at **$350.** (Docket No. 320).

   Having determined a reasonable number of hours expended and reasonable hourly rates, the initial lodestar amount is as follows:

Civil No. 22-1444 (RAM)                                               16

| Timekeeper: | Hours: | Hourly Rate: | Fee: |
|---|---|---|---|
| Giselle Girones | 8.80 | $325 | $2,860.00 |
| Yelan Escalona | 16.20 | $175 | $2,835.00 |
| Deanna K. Shullman | 1.90 | $350 | $665.00 |

The above yields a total attorneys' fee award of $6,360.00.

### C. **Adjusting the lodestar amount**

An initial lodestar calculation may be adjusted upwards or downwards based on additional circumstances at play. *See* Pérez-Sosa, 22 F.4th at 321 (citations omitted). The Court sees no reason to apply an adjustment in the case at bar.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' requested amount in their *Verified Bill of Attorneys' Fees* at Docket No. 290 is **GRANTED IN PART** and **DENIED IN PART**. Accordingly, Plaintiffs are hereby ordered to pay Defendants **$6,360.00** in attorneys' fees. Plaintiffs' attorneys are warned not to make further factual misrepresentations in filings before the Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of June 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE