IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELIAS SÁNCHEZ-SIFONTE et al.,

**Plaintiffs,**

v.

JOSUE FONSECA, et al.

**Defendants.**

CIVIL NO. 22-1444 (RAM)

OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the last *Verified Bill of Attorneys' Fees* filed by Defendants Telemundo of Puerto Rico, LLC ("TPR"), Telemundo Network Group, LLC ("TNG"), and NBC Universal Media, LLC ("NBC") (collectively, "Defendants"). (Docket No. 309). Plaintiffs Elías Sánchez-Sifonte ("Sánchez") and Valerie Rodríguez-Erazo ("Rodríguez") (collectively, "Plaintiffs") have filed a *Response*. (Docket No. 319). Defendants' requested amount in their *Verified Bill of Attorneys' Fees* is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs are hereby ordered to pay Defendants another **$5,987.00** in attorney's fees.

## I.    PROCEDURAL BACKGROUND

In this now-terminated defamation, slander, and libel action, Plaintiffs sued Josué Fonseca a/k/a Jay Fonseca, Jagual Media LLC, NBC Universal Media LLC, Telemundo Network Group, LLC, Telemundo

Puerto Rico, LLC, Antonio G. Mojena, TMTV, and others, claiming damages allegedly arising out of a series of broadcasts in Fonseca's "Jay y sus Rayos X" show. (Docket No. 130). Plaintiffs sought, in addition to compensatory and punitive damages, "consequential damages in the amount of damage to Sanchez's and Rodriguez's respective business and property in a sum certain according to proof and not less than THIRTY MILLION DOLLARS ($30,000,000.00)." Id. at 69. On March 23, 2026, the Court issued an Opinion and Order dismissing with prejudice the consequential damage claims on account of Plaintiffs' noncompliance with prior unambiguous Court orders. (Docket No. 260).

On May 19, 2026, the Court dismissed the remaining claims with prejudice due to continued discovery noncompliance, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and the Court's inherent authority to manage its docket. (Docket No. 302). The Court also awarded Defendants reasonable expenses in relation to the relevant discovery dispute. Id.

On June 1, 2026, Defendants filed the instant *Verified Bill of Attorneys' Fees*. (Docket No. 309). Therein, they claim $10,830 in attorney's fees and attach invoices demonstrating the hours billed in the relevant matter by attorneys Deanna Shullman, Giselle Girones, and Yelan Escalona. Id. at 1; (Docket No. 309-1).

On June 15, 2026, Plaintiffs filed their *Response*. (Docket No. 319). Therein, Plaintiffs argue once more that the hours

Civil No. 22-1444 (RAM)                                                    3

requested by Defendants' counsel are plainly excessive given the prevailing local rates, that the extensive redactions render the fee petition unreviewable, that the entries include examples of clerical tasks being billed at attorney rates, and that the number of hours billed for some tasks are excessive or result in block-billing. Id. at 5-11.

In related briefing, Defendants have argued before this court that the redacted entries are irrelevant since they are not seeking reimbursement for them. (Docket No. 316 at 3-4). Defendants have also previously contended that "[t]he claims and defenses in this action were governed by Florida defamation law in an action initially filed in Florida, making the retention of Florida attorneys with expertise in that body of law not only appropriate, but also necessary." Id. at 4. Defendants have maintained the position that "[b]ecause the retention of Florida counsel was appropriate, South Florida market rates provide the proper frame of reference for assessing reasonableness." Id. at 6. Defendants assert in related filings that "[g]iven the complexity of this multi-million dollar defamation action brought under Florida law, the number of parties, and the breadth of the publications and statements at issue, the rates of $337.50 - $450/hour" requested for the various partners and associates working on the case are reasonable. (Docket No. 285 at 5).

## II.  APPLICABLE LAW

The lodestar method is the predominant means of calculating reasonable attorney's fees. *See*, *e.g.*, Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010) (lodestar is the "guiding light" for fee-shifting jurisprudence) (citation omitted); Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001); Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) (lodestar is the "starting point" when calculating fees); Skytec, Inc. v. Logistic Sys., Inc., Civil No. 15-2104, 2019 WL 2246775, at *1 (D.P.R. 2019) ("The First Circuit applies the lodestar method to calculate attorney's fees.") (citations omitted).

The lodestar method requires two steps. First, a court must determine "the number of hours reasonably expended." Pérez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022) (citations omitted). Second, the court should "identify a reasonable hourly rate or rates." Id. (citation omitted). Multiplying the reasonable number of hours by the reasonable rate results in a lodestar, or a presumptively reasonable fee award. *See* Lipsett, 975 F.2d at 937 (citation omitted). The Court may then make upward or downward adjustments to account for special circumstances. *See* Pérez-Sosa, 22 F.4th at 321 (citations omitted). Throughout this calculation, the task of a district court "is to do rough justice, not to achieve auditing perfection." Id. at 322 (citation omitted). Courts "may take into account their overall sense of a suit[] and

may use estimates in calculating and allocating an attorney's time." Id. (citation omitted).

### A. Hours

To determine the number of hours reasonably expended by the attorneys seeking payment, a court excludes or discounts "those hours that are 'excessive, redundant, or otherwise unnecessary'" from the actual amount of hours spent on the litigation. Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. et al. v. Ray Haluch Gravel Co. et al., 745 F.3d 1, 5 (1st Cir. 2014) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)); see also Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984) (hours that are "duplicative, unproductive, excessive, or otherwise unnecessary" should be discounted) (citations omitted). To maximize fee recovery, attorneys should "submit a full and precise accounting of their time, including specific information about number of hours, dates, and the nature of the work performed." Deary v. City of Gloucester, 9 F.3d 191, 197-98 (1st Cir. 1993) (citing Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir. 1986)).

Time records that are "too generic" and "insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like" should be discounted or disallowed by a district court. Pérez-Sosa, 22 F.4th at 330 (quoting Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st

Civil No. 22-1444 (RAM)                                                      6

Cir. 2008)). Time entries that involve block-billing, or the use of a single block of time to bill multiple discrete tasks, may also be discounted. *See* Bd. of Trs. v. ILA Loc. 1740, AFL-CIO, Civ. No. 18-1598, 2022 WL 4591843, at *5 (D.P.R. 2022) (reducing block-billed entries by 35 percent). The First Circuit has held that hours categorized with vague titles such as "Meeting with Client" or "Telephone Conference [with] Client" may be discounted under this standard. *See* Pérez-Sosa, 22 F.4th at 329. While duplicative entries should be discounted, "time spent by two attorneys on the same general task" is not automatically duplicative because "careful preparation often requires collaboration and rehearsal" between parties and their attorneys. Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 860 (1st Cir. 1998).

## B. Hourly rates

"[T]he reasonable hourly rate in any given case 'will vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria.'" Pérez-Sosa, 22 F.4th at 325 (citation omitted). The appropriate rate is usually "that prevailing in the community for similar work" done by "lawyers of like qualifications, experience, and competence." Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983) (citation omitted); Pérez-Sosa, 22 F.4th at 321 (citation omitted). "Most often, there is not a single reasonable rate for

Civil No. 22-1444 (RAM)                                                    7

legal services but, rather, a range of reasonable rates." Id. at 326 (citation omitted).

To determine reasonable rates in this case, the Court considers the parties' motions and summaries of their attorneys' professional skills and accomplishments, as well as recent examples of fee awards from other cases in this District and the First Circuit. The Court is guided by its own understanding of prevailing rates in Puerto Rico and its knowledge of this particular case. See Pérez-Sosa, 22 F.4th at 326-27 n.5 (citations omitted).

In the District of Puerto Rico, an approximate range of typical rates for **highly experienced attorneys** is **$250-300** and for **associates** is **$150-200**. See Skytec, Inc., 2019 WL 1271459, at *5 (D.P.R. 2019), amended on reconsideration, 2019 WL 2246775 (citations omitted); ILA Loc. 1740, AFL-CIO, 2022 WL 4591843, at *3 (citation omitted); Arelene Ocasio v. Comisión Estatal de Elecciones, 2023 WL 8889653, at *3 n.5 (D.P.R. 2023) (citations omitted). However, courts sometimes award fees at higher rates; in particular, rates of **$320-350** for **highly experienced attorneys** and **$275 for more senior associates** have been approved in the recent past, including by this Court. See, e.g., Rivera-Molina v. Casa La Roca, LLC, Civ. No. 21-1004, 2022 WL 897145, at *1 (D.P.R. 2022) (hourly rate of $350 is appropriate); Carrero v. Molina Healthcare of P.R., Inc., 2024 WL 3042748, at *6 (D.P.R. 2024) (awarding an

hourly rate of $350 to law firm partners with two decades of experience); Garcia-Colon, Civ. No. 21-1211 (Docket No. 414 at 11) (hourly rate of $320 for out-of-court time is appropriate for highly experienced attorneys); Puerto Rico Soccer League NFP, Corp. v. Federacion Puertorriquena de Futbol, 2025 WL 2709484, at *5 (D.P.R. 2025) (awarding an hourly rate of $350 to an experienced partner and an hourly rate of $275 to a senior associate). Time billed by paralegals may generally be reimbursed at market rates. *See* In re San Juan Dupont Plata Hotel Fire Litig., 111 F.3d 220, 231 n.10 (1st Cir. 1997). An appropriate rate for **paralegals** ranges from **$50-100**. *See* Conair Corp. v. Next G. Corp., Civ. No. 20-1093, 2024 WL 3152710, at *3 (D.P.R. 2024) (collecting cases and setting the market rate for paralegals between $50-100).

## III. DISCUSSION

The lodestar method has two steps. First, the judge determines "the number of hours reasonably expended." Pérez-Sosa, 22 F.4th at 321 (citations omitted). Second, the judge "identif[ies] a reasonable hourly rate or rates." Id. (citation omitted). The Court proceeds in that order.

### A. Reasonable hours expended

All in all, Defendants seek reimbursement for a total of 25.6 hours and a lodestar amount of $10,830.00. (Docket No. 309 at 4). Plaintiffs object to these hours on several grounds, including

redactions, duplication, clerical work, and block-billing. (Docket No. 319). The Court addresses each in turn.

      i.    *Redactions*

The Court notes Plaintiffs' argument based on the notion that the invoices are so heavily redacted that they preclude consideration. Id. at 5-6. In related briefing, Defendants point out that the redacted entries are not included in the amount sought and that they seek reimbursement only for unredacted time entries. (Docket No. 316 at 3-4). As a threshold matter and as explained in its Opinion and Order at Docket No. 320, the Court finds that because Defendants are not seeking fees for the redacted portions of their invoices, the redactions do not prevent the Court from assessing the reasonableness of the other amounts requested.

      ii.  *Duplicative and excessive entries*

While duplicative entries should be discounted, "time spent by two attorneys on the same general task" is not automatically duplicative because "careful preparation often requires collaboration and rehearsal" between parties and their attorneys. Rodriguez-Hernandez, 132 F.3d at 860. As to duplication, Plaintiffs do not offer much other than references to the precise billing practice the First Circuit has permitted. *Compare* id. ("time spent by two attorneys on the same general task" is not necessarily duplicative) *with* (Docket No. 319 at 9-10) (objecting to time entries as duplicative because they show two attorneys

Civil No. 22-1444 (RAM)                                             10

performing similar tasks). Plaintiffs' objections largely identify instances in which multiple attorneys reviewed, revised, or conferred regarding the same discovery-related filings. That is not, by itself, unreasonable.

Similarly, many of Plaintiffs' related objections characterizing billing entries as "excessive" are not well-supported. (Docket No. 319 at 9-10). The Court finds that it is not facially unreasonable for an attorney to spend some time reviewing court orders and opposing party motions, drafting their own motions in response to the same, and conferring with local counsel. Id.

Nevertheless, after reviewing the invoices submitted by Defendants, the Court concludes that some of the hours for which Defendants seek fees are excessive or are too generic or vague for the Court to assess whether the time billed was appropriate. The Court will reduce the following entries by **30 percent**. *See* Pérez-Sosa, 22 F.4th at 329 (discounting vague time entries by 30 percent); Carrero v. Molina Healthcare of P.R., Inc., Civ. No. 21-1605, 2024 WL 3042748, at *5 (D.P.R. 2024) (30 percent reduction is appropriate for overly vague hours); Puerto Rico Soccer League, 2025 WL 2709484 (reducing entries involving vagueness and lack of specificity by 30 percent); (Docket No. 322) (reducing entries involving vagueness and lack of specificity by 30 percent). The problematic time entries are listed below:

Civil No. 22-1444 (RAM)                                              11

| Attorney: | Date: | Task Description: | Time: |
|---|---|---|---|
| Giselle Girones | 05/01/2026 | Draft reply in support of motion requesting order (7.0) | 7.0 |
| Yelan Escalona | 05/04/2026 | research on multiple legal propositions (4.2) | 4.2 |
| | | **Total:** | 11.2 |

*iii. Clerical entries*

Plaintiffs also object that some entries reflect clerical tasks billed at attorney rates. (Docket No. 319 at 9). The Court agrees. After reviewing the invoices submitted by Defendants, the Court concludes that some of the hours for which Defendants seek fees involve secretarial tasks that ought to be reimbursed at a lower rate, comparable to what paralegals are afforded in this District. The Court will reduce the following entries by **50 percent**. The problematic time entries are listed below:

| Attorney: | Date: | Task Description: | Time: |
|---|---|---|---|
| Yelan Escalona | 04/10/2026 | Draft informative motion regarding Plaintiffs' continued noncompliance and compile exhibits for same | 1.6 |
| | 04/15/2026 | Update exhibit to informative motion regarding Plaintiffs' noncompliance | 0.2 |
| | | **Total:** | 1.8 |

*iv.  Cumulative deductions*

Pursuant to the above, the Court deducts a total of 4.26 hours. The Court reiterates that its task here "is to do rough justice, not to achieve auditing perfection." *See* Pérez-Sosa, 22 F.4th at 322. The following chart shows the total number of hours approved for each attorney:

Civil No. 22-1444 (RAM)                                             12

| Attorney name: | Number of hours after adjustments: |
|---|---|
| Deanna K. Shullman | 4.30 (unchanged) |
| Giselle Girones | 10.00 |
| Yelan Escalona | 7.04 |

## B. Reasonable hourly rate

In related filings, Defendants aver that "[g]iven the complexity of this multi-million dollar defamation action brought under Florida law, the number of parties, and the breadth of the publications and statements at issue, the rates of $337.50 - $450/hour" requested for the various partners and associates working on the case are reasonable. (Docket No. 285 at 5). The Court largely disagrees and has explained why in its Opinion and Order at Docket No. 320--which it incorporates by reference here. As a reminder, the Court has set the following hourly rates: Giselle Girones at **$325**; Yelan Escalona at **$175**; and Deanna K. Shullman at **$350**. (Docket No. 320).

Having determined a reasonable number of hours expended and reasonable hourly rates, the initial lodestar amount is as follows:

| Timekeeper: | Hours: | Hourly Rate: | Fee: |
|---|---|---|---|
| Giselle Girones | 10 | $325 | $3,250.00 |
| Yelan Escalona | 7.04 | $175 | $1,232.00 |
| Deanna K. Shullman | 4.30 | $350 | $1,505.00 |

The above yields a total attorney's fee award of $5,987.00.

## A. Adjusting the lodestar amount

An initial lodestar calculation may be adjusted upwards or downwards based on additional circumstances at play. *See* Pérez-Sosa, 22 F.4th at 321 (citations omitted). The Court sees no reason to apply an adjustment in the case at bar.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' requested amount in their *Verified Bill of Attorneys' Fees* at Docket No. 309 is **GRANTED IN PART** and **DENIED IN PART**. Accordingly, Plaintiffs are hereby ordered to pay Defendants **$5,987.00** in attorney's fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of June 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE